UNITED STATES of America,
Plaintiff-Appellee,

v.

Clifton JOHNSON, Defendant-Appellant.

No. 15489.

United States Court of Appeals
Sixth Circuit.

June 12, 1964.

Leland H. Logan and J. Reid Caudill, Bowling Green, Ky., for appellant.

John E. Stout, Asst. U. S. Atty., Louisville, Ky. (William E. Scent, U. S. Atty., Louisville, Ky., on the brief), for appellee.

Before MILLER, PHILLIPS and EDWARDS, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The defendant, Clifton Johnson, was found guilty by a jury under an indictment charging violation of the internal revenue laws pertaining to distilled spirits and for assaulting a federal officer.

His main contention on this appeal is that he did not have the assistance of counsel for his defense, guaranteed him by the Sixth Amendment of the Constitution of the United States.

The defendant had employed two attorneys, recognized as being honorable and capable, to represent him at the trial. On the morning of the trial after the parties had announced ready, and the jury had been selected but not sworn, the District Judge, out of the presence of the jury, called attention to a written communication which he had received from the defendant's wife, signed and sworn to by her and several others, apparently friends of the defendant, which requested that the two attorneys who had been employed by the defendant be discharged from their duties and that the defendant plead his own case. We do not have the exact wording of the statement because it is not a part of the record, although the trial order directed it to be so filed.

The District Judge thereupon discussed the matter with the defendant in the presence of the two attorneys and the persons who had signed the document. The defendant stated that he wanted to represent himself instead of being repre-

sented by the attorneys, that he had all of his witnesses, and that he would appreciate it if the Court would proceed with the case at that time. The District Judge stated that he had every confidence that the two attorneys would represent the defendant honorably and well and to the best of their ability, that he wanted to assure the defendant that there was no possible connection with anyone or anything that would prevent either of the attorneys from giving the defendant their best and fullest representation, and that he thought the defendant was making a mistake in not having the two attorneys represent him in the trial. The defendant restated that he was ready to proceed and wanted to represent himself. The attorneys withdrew from the case and the trial proceeded. These same attorneys, however, represent the appellant on this appeal.

A defendant in a federal criminal trial, by virtue of the Sixth Amendment, is entitled to representation by counsel in the trial court. But it is well settled that such a defendant may waive his right to representation by counsel if he knows what he is doing and his choice is made with eyes open. Adams v. United States ex rel. McCann, 317 U.S. 269, 275, 279, 63 S.Ct. 236, 240, 241, 87 L.Ed. 268.

The Constitution does not deny to a defendant the right to defend himself. Nor does the constitutional right to assistance of counsel justify forcing counsel upon an accused who wants to represent himself. Carter v. Illinois, 329 U.S. 173, 174–175, 67 S.Ct. 216, 218, 91 L.Ed. 172; Adams v. United States ex rel. McCann, supra, 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 268; Duke v. United States, 255 F.2d 721, 724, C.A.9th, cert. denied, 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1365; Woolard v. United States, 178 F.2d 84, 87, C.A.5th; Johnson v. United States, 318 F.2d 855, 856, C.A. 8th.

In our opinion, the defendant waived his right to counsel in the present case. Crawford v. United States, 188

F.2d 536, C.A.6th; Johnson v. United States, supra, 318 F.2d 855, C.A.8th; Glenn v. United States, 303 F.2d 536, 540–541, C.A.5th, cert. denied, 372 U.S. 920, 922, 83 S.Ct. 734, 737, 9 L.Ed.2d 725, 373 U.S. 916, 83 S.Ct. 1305, 10 L. Ed.2d 416; Watts v. United States, 273 F.2d 10, 11–12, C.A.9th, cert. denied, 362 U.S. 982, 80 S.Ct. 1069, 4 L.Ed.2d 1017.

We find no merit in appellant's further contention that the Government's evidence was insufficient to identify him in connection with the operation of the still.

The judgment is affirmed.