**UNITED STATES of America,**
**Appellee,**

v.

**Berlin Acey ODOM, Appellant.**

**No. 24494.**

United States Court of Appeals,
Ninth Circuit.

March 24, 1970.

Rehearing Denied April 21, 1970.

Peter R. Stromer (argued), Mountain View, Cal., for appellant.

David P. Curnow (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL, CARTER and HUFSTEDLER, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

Appellant Odom was found guilty by a jury of violating the Dyer Act, 18 U.S.C. § 2312. Odom's sole defense at trial was temporary insanity during the critical time of interstate transportation. Odom's primary claim on appeal, where he is now represented by counsel, is that he should not have been permitted to act as his own counsel at trial. We find no merit to this and other claims of error.

Prior to the start of the trial, and while Odom was still represented by counsel, a hearing was held before the court on the issue of Odom's competency to stand trial and to assist in his own defense. Two psychiatrists were called and testified. They were examined both by counsel for the government and for Odom, and at length by the court. The court found Odom was fully competent to stand trial and assist in his own defense.

On the morning trial was to start, Odom moved to discharge his appointed counsel and to act as his own counsel because "[counsel] sees the case one way and I would probably see it another and there would be a conflict." The judge then interrogated Odom at length about the wisdom of the step he was taking. Odom indicated he knew of his constitutional right to counsel. He indicated he knew the substance of the charges against him and the defenses to those charges. Odom stated that he had represented himself on several occasions, including two felony trials with juries. On one of the felony charges he had been found not guilty. Odom indicated no present mental difficulties. He said that he was not presently insane and that he was "all right" and "not disturbed." He said there had been no pressure on him to represent himself.

Odom's appointed counsel stated that he believed Odom was mentally capable of representing himself. He felt Odom had no mental impairment that would hinder the defense of the action. The court then granted Odom's motion to represent himself. It found that he was not suffering from mental derangement and was fully aware of the consequences of his act. The court ordered Odom's appointed counsel to be present at trial in an advisory capacity to the defendant.

This circuit, sitting in banc, recently considered the problem of intelligent waiver of counsel in Hodge v. United States (9 Cir. 1969), 414 F.2d 1040. In *Hodge* we defined "intelligent" as meaning "whether [a defendant] was sufficiently informed of the consequences of his choice." p. 1042. We elaborated: "The question before the judge was not whether the defendant was professionally capable of acting as his own lawyer. Few defendants are, and the right of self-representation is not so conditioned. The question was simply whether the defendant understood the charges against him and was fully aware of the fact that he would be on his own in a complex area where experience and professional training are greatly to be desired." p. 1043.

■ We find the trial judge correctly assured himself that Odom was making an intelligent choice of self-representation according to the *Hodge* standards. The charges and defenses had been explained to Odom by the court. Odom's prior courtroom experience clearly indicated that he was aware of the burdens and possible consequences of self-representation. Odom's statements about his mental condition suggested nothing that would change the earlier determination that he was fully competent to stand trial.

■ As we reemphasized in *Hodge,* supra, p. 1042, a criminal defendant has the right to represent himself. Denial of an intelligent assertion of that right would clearly be error. Here the trial judge could have denied the self-representation motion only by revoking his previous finding of present mental competency. However, this would have placed the court in the anomalous position of finding a defendant incompetent for asserting a constitutional right. It also would have required immediate institutionalization for Odom. Under these circumstances, we feel the trial court acted properly.

■ Odom also attacks the voluntariness of a confession made to FBI agents. An evidentiary hearing was held with the jury absent. No evidence supports Odom's version of impropriety. The testimony of the FBI agent taking the confession was emphatic that Odom talked freely and without any signs of physical or mental strain. The court found the confession voluntary and admitted it into evidence. There was no error.

■ Finally, Odom challenges the instructions on insanity given to the jury. The instructions were based upon those approved in Sauer v. United States (9 Cir. 1957), 241 F.2d 640, cert. denied 354 U.S. 940, 77 S.Ct. 1405, 1 L.Ed.2d 1539. The *Sauer* test, in a case involving an insanity defense, was then and still is law in this circuit. Odom made no objection at the trial to the instructions. The record discloses that his advisory counsel participated in the setting of instructions and made no objection.

Ramer v. United States and Church v. United States (9 Cir.), 390 F.2d 564, was decided in banc in 1968, one year before Odom's trial. There the court refused to abandon the old *Sauer* rule on legal insanity because there were no defense objections to the instructions, no other definition of insanity was suggested by defense counsel and neither case was an appropriate one for reconsideration of the holding in *Sauer*. Since the same situation exists in the case at bar we must, as in *Ramer* and *Church*, reject the objections made for the first time on appeal to the *Sauer* test and to the instructions given in this case.

We must add that the district judge in his interrogation of the psychiatrists at the hearing on competency to stand trial, in his interrogation of Odom at the time of his waiver of his right to counsel, and through the trial, was extremely careful, patient and alert to protecting Odom's rights.

We find no error and the judgment is affirmed.

HUFSTEDLER, Circuit Judge (specially concurring):

I concur in all aspects of the majority opinion save one: the suggestion that the standard for competency to stand trial is identical with the standards of competency to waive counsel and to represent one's self. The comparative levels of competency required in these three situations present an extremely difficult problem, but it is a problem that need not be resolved on this appeal. I am satisfied from the record that Odom met even the most elevated of these standards.