**Jack Jeffrey McCRACKEN, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No. 1791.**

Supreme Court of Alaska.

Jan. 11, 1974.

---

Olof K. Hellen, Asst. Public Defender, Juneau, Herbert D. Soll, Public Defender, Anchorage, for petitioner.

Douglas B. Baily, Anchorage, Joseph D. Balfe, Dist. Atty., Dan Hickey, Asst. Atty. Gen., John E. Havelock, Atty. Gen., Juneau, for respondent.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, and FITZGERALD, JJ.

## OPINION

BOOCHEVER, Justice.

In this case we consider whether a prisoner has a right to represent himself in post-conviction relief proceedings.

Petitioner Jack Jeffrey McCracken filed a petition for a writ of habeas corpus in the court below, and the judge below issued an order to show cause why a writ of habeas corpus should not issue. In connection with this petition, the superior court appointed the assistant public defender to represent the petitioner. Shortly afterward, and before the hearing, the petitioner informed the court that he wished to represent himself, and to that end he filed a motion for substitution of counsel. This motion was unopposed by respondent and endorsed by the Public Defender's Office.

The superior court issued an order denying the motion on the grounds that "the petitioner's interests can best be protected by having an attorney represent him." Pursuant to Appellate Rules 23 and 24, McCracken then presented to this court a petition for review of the superior court's order, alleging that in the absence of a showing that he would be likely to be disruptive, or was incompetent to serve as counsel in his own behalf, he had a right to represent himself.

On January 29, 1973 this court granted the petition for review, and on March 13, 1973, in light of the amendment of Criminal Rule 39 promulgated subsequent to the superior court order in this case with reference to the appointment of counsel,[1] this court remanded the matter to the superior court for reconsideration of petitioner's request to represent himself. On May 29, 1973 the superior court again appointed the Alaska Public Defender Agency to represent McCracken.

On petitioner's behalf, the public defender has filed a motion to reinstate the petition for review and to supplement arguments in its support.

---

1. Criminal Rule 39(b) previously read, insofar as is here pertinent:

 If the defendant states that he desires the aid of counsel and that he is financially unable to employ counsel, the court shall conduct the examination and make the determination provided for in (c) of this rule. If the court determines that the defendant is in fact financially unable to employ counsel and that he is entitled to have counsel provided at public expense, the court shall appoint counsel to represent him. . . . *In the absence of a request by the defendant, the court in its discretion may appoint counsel when it deems it in the best interests of justice to do so* (emphasis added).

 On February 15, 1973 the rule was amended as follows:

 (1) If
 (i) the defendant states that
 (aa) he desires the aid of counsel, and
 (bb) he is financially unable to employ counsel, and
 (ii) the court determines that defendant is in fact unable to employ counsel, then the defendant is entitled to have counsel provided at public expense, and the court shall immediately notify the Alaska Public Defender Agency that the Agency has been appointed to represent the defendant and immediately appoint the Public Defender to represent the defendant.

 . . .

 (3) In the absence of a request by a defendant, otherwise entitled to appointment of counsel, the court shall appoint counsel for him unless he demonstrates that he understands the benefits of counsel and knowingly waives the same.

 (4) The court, in its discretion, may appoint counsel in any case in which appointment best serves the interest of justice.

We again grant review of the superior court's order denying petitioner's request to represent himself because, under Appellate Rules 23 and 24, the request "involves a controlling question of law as to which there is substantial ground for difference of opinion," "immediate and present review of such order . . . may materially advance the ultimate termination of the litigation," and the question sought to be reviewed "is of such substance and importance as to justify deviation from the normal appellate procedure by way of appeal and to require the immediate attention of this court."

The superior court, in its order reaffirming its earlier denial of McCracken's request to represent himself, based its decision upon Criminal Rule 39(b)(4).[2] The Court explained that:

> The defendant is not a lawyer, the defendant is in prison, the defendant is incarcerated away from the location of the

court, and the issues in this case are sufficiently complex to require briefing and argument in order to secure the defendant his full rights pursuant to law.

■ Before construing the applicable Criminal Rule, we find it necessary to examine the constitutional principles underlying petitioner's asserted right to represent himself, for a court rule, like a statute, must be interpreted whenever possible so as to conform to the United States and Alaska constitutions.[3] If such a construction is not possible, it must be declared to be invalid or unconstitutional. Both the sixth amendment to the United States Constitution [4] and art. I, sec. 11 of the Alaska Constitution [5] guarantee a criminal defendant the right to counsel. McCracken argues that the right to counsel is not tantamount to an obligation to be represented by counsel, and that therefore the right not to have counsel is a right retained by the people under the ninth

---

2. We assumed upon our earlier remand that Criminal Rule 39(b) applied to post-conviction proceedings. We observe that the rule by its terms applies to "defendants", and hence would normally pertain only to pre-conviction proceedings. But the appointment of counsel in post-conviction relief proceedings is nevertheless mandated by the Criminal Rules. Rule 35(f), which prescribes the procedure to be followed in processing petitions for the writ of habeas corpus [see Rule 35(c)], provides in pertinent part:

> Where the court determines that the application shall not be summarily disposed of on the pleadings and record . . . but that the issues raised by the application require an evidentiary hearing, counsel shall be appointed to assist indigent applicants.

In Donnelly v. State, 516 P.2d 396 (Alaska 1973), we recognized that since Criminal Rule 35(g)(3) permits summary dismissal of an application for post-conviction relief, if an augmentation of the record through depositions, interrogatories, and the like indicated dismissal was appropriate, it would be necessary to appoint counsel upon the institution of the application, in order to protect the applicant's interests during the initial fact-finding process.

3. Cf. United States v. Vuitch, 402 U.S. 62, 91 S.Ct. 1294, 28 L.Ed.2d 601 (1971); Hoffman v. State, 404 P.2d 644 (Alaska 1965).

4. The sixth amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

5. Art. I, § 11 provides:

> In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury of twelve, except that the legislature may provide for a jury of not more than twelve nor less than six in courts not of record. The accused is entitled to be informed of the nature and cause of the accusation; to be released on bail, except for capital offenses when the proof is evident or the presumption great; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

amendment to the United States Constitution [6] and art. I, sec. 21 of the Alaska Constitution.[7] It is McCracken's contention that this court should imply as a matter of constitutional right an entitlement to represent oneself similar to what is statutorily provided for in 28 U.S.C. § 1654,[8] the federal provision guaranteeing parties in federal courts the right personally to plead and conduct their own cases.

The United States Supreme Court has never held that there is a constitutional right to proceed *pro se,* but the Court has indicated in strong dicta that such a right exists, at least at the trial stage. In Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942), the Court wrote:

> The right to assistance of counsel *and the correlative right to dispense with a lawyer's help* are not legal formalisms. They rest on considerations that go to the substance of an accused's position before the law. . . . [T]he Constitution does not force a lawyer upon a defendant. He may waive his Constitutional right to assistance of counsel if he knows what he is doing and his choice is made with eyes open (emphasis added). 317 U.S. at 279, 63 S.Ct. at 241, 87 L.Ed. at 274–275.

The tenor of this language was reiterated in Carter v. Illinois, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 174 (1946):

> [That, under certain circumstances, an accused may have a right to representation] does not, however, mean that the accused may not make his own defense; . . . Neither the historic conception of Due Process nor the vitality it derives from progressive standards of justice denies a person the right to defend himself or to confess guilt. Under appropriate circumstances the Constitution requires that counsel be tendered; it does not require that under all circumstances counsel be forced upon a defendant. 329 U.S. at 174, 67 S.Ct. at 218, 91 L.Ed. at 174.

And in Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957), the Court, in reaffirming its dictum in *Carter,* said "The constitutional right [to representation], of course, does not justify forcing counsel upon an accused who wants none." 355 U.S. at 161, 78 S.Ct. at 195, 2 L.Ed.2d at 172. A number of circuit court decisions have gone further, and have stated explicitly that a defendant has a constitutional right to represent himself at his trial,[9] although other courts have been reluctant to find the right to self-representation to be of constitutional proportions.[10]

---

6. The ninth amendment states:
 The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

7. Art. I, § 21 of the Alaska Constitution provides similarly:
 The enumeration of rights in this constitution shall not impair or deny others retained by the people.

8. The statute provides that:
 In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

9. United States v. Pike, 439 F.2d 695 (9th Cir. 1971); United States ex rel. Jackson v. Follette, 425 F.2d 257 (2nd Cir. 1970); United States v. Warner, 428 F.2d 730 (8th Cir. 1970), cert. denied, 400 U.S. 930, 91 S.Ct. 194, 27 L.Ed.2d 191 (1971); Haslam v. United States, 431 F.2d 362 (9th Cir. 1970), cert. denied, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971); United States v. Odom, 423 F.2d 875 (9th Cir. 1970); Lowe v. United States, 418 F.2d 100 (7th Cir. 1969), cert. denied, 397 U.S. 1048, 90 S.Ct. 1378, 25 L.Ed.2d 660 (1970); Minor v. United States, 375 F.2d 170 (8th Cir. 1967); United States v. Burkeen, 355 F.2d 241 (6th Cir. 1966); Juelich v. United States, 342 F.2d 29 (5th Cir. 1965); United States ex rel. Maldonado v. Denno, 348 F.2d 12 (2nd Cir. 1965); United States v. Johnson, 333 F.2d 1004 (6th Cir. 1964); United States v. Plattner, 330 F.2d 271 (2nd Cir. 1964); McKenna v. Ellis, 263 F.2d 35 (5th Cir. 1959).

10. *See, e. g.,* United States v. Dougherty, 154 U.S.App.D.C. 76, 473 F.2d 1113, 1122 (1972); United States v. Davis, 260 F.Supp.

However, the aforementioned Supreme Court dicta and the circuit court decisions cited above either construed the sixth amendment's guarantee of the assistance of counsel to incorporate a corollary constitutional right to proceed *in propria persona,*[11] tended to embrace such a construction,[12] or relied for authority upon cases which did one or the other.[13] Consequently, these cases are of questionable relevance to the case at hand, for the sixth amendment to the United States Constitution and art. I, sec. 11 of the Alaska Constitution by their terms apply only to *criminal prosecutions,* and protect only those *accused* of crime with respect to the preparation of a *defense.* An evidentiary hearing on an application for post-conviction relief is not a criminal prosecution, petitioner will not be presenting a defense to a criminal prosecution, and McCracken is not an accused, having already been convicted.[14]

1009, 1019–1020 (E.D.Tenn.1966). These decisions tend to support the proposition that the right to self-representation in the federal courts is only conferred by statute (*i. e.,* 28 U.S.C. § 1654). *See also* People v. Sharp, 7 Cal.3d 448, 103 Cal.Rptr. 233, 499 P.2d 489 (1972), unequivocally refusing to recognize a constitutional right to represent oneself, either as a correlative privilege subsumed under the sixth amendment, or as a constituent element of due process of law.

11. Haslam v. United States, 431 F.2d 362; United States v. Warner, *supra* note 9; Jeulich v. United States, *supra* note 9; Plattner v. United States, *supra* note 9.

12. Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167; Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268; (*but see* United States v. Warner, *supra* note 9, apparently interpreting *Adams* as enunciating a constitutional right to represent oneself).

13. United States v. Pike, *supra* note 9; Lowe v. United States, *supra* note 9; Minor v. United States, *supra* note 9; United States v. Burkeen, *supra* note 9; United States ex rel. Maldonado v. Denno, *supra* note 9; United States v. Johnson, *supra* note 9.

14. We are not unmindful of the decisions in Campbell v. United States, 318 F.2d 874 (7th Cir. 1963) and United States v. Plattner, *supra* note 9. The former held that Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) required that the sixth amendment right to the assistance of appointed counsel be afforded in post-conviction proceedings as well as at trial, while the latter conferred a sixth amendment correlative right to proceed *pro se* upon applications for post-conviction relief.

However, *Campbell* was apparently a too-hasty interpretation of the *Gideon* mandate, for it has not been followed, even in the Seventh Circuit; *see* Evans v. United States, 408 F.2d 369 (7th Cir. 1969); La Clair v. United States, 374 F.2d 486 (7th Cir. 1967). According to the overwhelming weight of authority, whether or not to appoint counsel for the prosecution of petitions for post-conviction relief is a decision vested in the sound discretion of the court; *see, e. g.,* Sanders v. United States, 455 F.2d 863 (10th Cir. 1972), cert. denied, 406 U.S. 926, 92 S.Ct. 1798, 32 L.Ed.2d 127 (1972); Day v. United States, 428 F.2d 1193 (8th Cir. 1970); Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970); Fleming v. United States, 367 F.2d 555 (5th Cir. 1966). *See* particularly Barker v. Ohio, 330 F.2d 594 (6th Cir. 1964), holding specifically that the sixth amendment does not apply in post-conviction proceedings. As the Supreme Court noted in Johnson v. Avery, 393 U.S. 483, 488, 89 S.Ct. 747, 750 21 L.Ed. 2d 718, 722 (1969):

It has not been held that there is any general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief.

Our holding in Donnelly v. State, *supra* note 2, is not inconsistent with these cases. Our ruling there was compelled not by the Constitution, but rather by what we regarded to be an inherent procedural requirement of Criminal Rule 35.

*See also* Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (holding parole revocation proceedings to be subsequent to "criminal prosecution" for purposes of constitutional interpretation) and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (declining, on the authority of *Morrissey,* to impose a rigid requirement of representation by counsel in probation revocation hearings).

These decisions undermine the *Plattner* rationale, for if there is no sixth amendment right to the assistance of counsel in post-conviction proceedings, there cannot be any sixth amendment correlative right to appear at such hearing *in propria persona.* In addition, we have difficulty with the *Plattner* case as a matter of logic, for, as Judge Rives observed in Juelich v. United States, 342 F.2d at 31–32:

. . . while the Sixth Amendment right to counsel extends through direct appeal of the judgment of conviction, a movant un-

Therefore, if we are to derive a right to represent oneself from either the Federal or the Alaska constitutions, we must look elsewhere. We are persuaded that there is such a right under art. I, sec. 21 of the Alaska Constitution, which specifies that "[t]he enumeration of rights in this constitution shall not impair or deny others retained by the people." At the time that the Alaska Constitution was enacted[15] and became effective,[16] the right of self-representation was so well established that it must be regarded as a right "retained by the people." The Treaty of Cession,[17] under which Russia ceded its possessions in North America to the United States, provided that the inhabitants "shall be admitted to the enjoyment of all the rights, advantages, and immunities of citizens of the United States." By virtue of section 35 of the Judiciary Act of 1789,[18] parties then possessed the right in all the courts of the United States to "plead and conduct their own cases personally." Thus, throughout Alaska's history prior to statehood parties were without exception entitled to exercise the right of self-representation. Although we do not imply that all statutory rights in existence at the time that Alaska was admitted to the Union constitute rights "retained by the people" under art. I, sec. 21 of the Alaska Constitution, we are of the opinion that a right so long established and of such fundamental importance must be held to have been so retained.[19]

In considering the fundamental importance of self-representation, we are mindful that ours is a society valuing the autonomy of the individual and his freedom of choice. When accused of a crime, or, as here, when seeking relief from a conviction resulting in imprisonment, the opportunity to determine whether to present one's own case or to be represented by appointed counsel is of paramount importance to the individual. Under some circumstances, he may indeed be the only person who will forcefully advance arguments in an unpopular cause. Alaska has been and is endowed with courageous attorneys who have zealously represented those accused of crime, but such dauntless representation may not always be available to one who is the object of opprobrium. The opportunity to present one's own position where liberty itself is at stake should not lightly be disregarded, and the right to counsel should not be used to bar self-representation. "[T]he procedural safeguards of the Bill of Rights are not to be treated as mechanical rigidities. What were contrived as protections for the accused should not be turned into fetters."[20]

 Having concluded then that there is a right to self-representation under our own constitution, we must illuminate the contours of that right. The right is not absolute. In order to prevent a perversion of the judicial process, the trial judge should first ascertain whether a prisoner is capable of presenting his allegations in a rational and coherent manner before allowing him to proceed *pro se*. Second, the trial judge should satisfy himself that the prisoner understands precisely what he is giving up by declining the assistance of counsel. Rule 39(b)(3) provides that, at the trial stage, counsel should be appointed unless the defendant "demonstrates that he understands the benefits of counsel and

der 28 U.S.C. § 2255 [the federal post-conviction relief statute for review of federal convictions] has passed beyond the stage of an "accused" in "defense" of a "criminal prosecution," and the Sixth Amendment does not apply.

15. The constitution was adopted by the convention on February 5, 1956.

16. The Constitution became effective upon Alaska's admission into the Union on January 3, 1959.

17. 15 Stat. 539 (effective June 20, 1867).

18. 28 U.S.C. § 1654.

19. In view of this holding, we need not decide whether petitioner's claim under the ninth amendment of the United States Constitution is meritorious.

20. Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L. Ed. 268, 275 (1942).

knowingly waives the same." [21] A comparable procedure should be followed in post-conviction proceedings. The advantages of legal representation should be explained to the prisoner in some detail, and in the event of an evidentiary hearing at which the prisoner is present he should be given the option of having legal counsel available for consultation. Indeed, where the court is not completely satisfied that the prisoner is capable of *pro se* representation, it is within its sound discretion to insist that the prisoner accept consultative assistance by appointed counsel. Finally, the trial judge should determine that the prisoner is willing to conduct himself with at least a modicum of courtroom decorum. [22]

 In addition, as a precondition to self-representation at an evidentiary hearing, the hearing judge must already have determined that the prisoner's personal presence at the evidentiary hearing is necessary pursuant to the discretionary authority vested in him under Criminal Rule 35(h). Were we not to impose this qualification upon the right of self-representation, this decision could well afford the means by which the hearing judge's discretionary power to refuse to order the production of the prisoner at a post-conviction evidentiary hearing could be circumvented. Such a limitation is implicit in the right "retained by the people" to appear at a post-conviction hearing *in propria persona,* for the federal courts have always possessed the power to refuse to compel the production of a prisoner at an evidentiary hearing on the prisoner's petition for post-conviction relief when his physical presence was not necessary. [23] Consequently, a comparable restriction must be presumed to inhere in the retained right of *pro se* representation.

In the case at bar, we note that the pleadings filed by McCracken demonstrate a certain knowledge of the merits of his allegations, and indicate at least to some extent that he may have the ability to represent himself. In the absence of an opportunity on our part to more fully question McCracken, his rights may best be vindicated by an order permitting him to represent himself with the assistance of counsel from the Public Defender's Office appointed by the court. If it is determined that McCracken's presence will be necessary at a hearing, a more thorough inquiry into the propriety of permitting him to represent himself can be undertaken at that time.

The order denying McCracken's motion for substitution of counsel is reversed in part, and the case is remanded to the trial court for further proceedings in accordance with this opinion.

Reversed in part and remanded.

---

**21.** *Cf.* People v. Floyd, 1 Cal.3d 694, 83 Cal. Rptr. 608, 464 P.2d 64, 68 (1970) ; Note, The Right of an Accused to Proceed Without Counsel, 49 Minn.L.R. 1133, 1141–45 (1965).

**22.** However, the hearing judge must bear in mind that prisoners are not experienced trial lawyers, and are not practiced in the formalities of courtroom etiquette.

**23.** 28 U.S.C. § 2255 ; *see* Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) ; Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) ; Hayman v. United States, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952).