**F.L. BURKS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1216.**

Court of Appeals of Alaska.

Jan. 22, 1988.

Michael Jungreis, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

F.L. Burks was convicted of robbery in the first degree. AS 11.41.500(a)(1). He was permitted to represent himself with advisory counsel. On appeal, Burks raises a number of objections to his conviction, one of which, in our view, requires a remand. We will briefly discuss each of the issues Burks raises.

Burks first contends that the trial court erred in delaying ruling on his application to represent himself. It appears from the record that Burks was indigent, and that the trial court appointed a public defender to represent him. Burks sought to discharge the public defender. A decision on Burks' request was delayed, pending a determination of his competency. Burks claims this was error. We disagree.

██ The trial court is obligated to determine a defendant's competency before permitting the defendant to be tried. *See, e.g.,* AS 12.47.100(b). There was substantial evidence in the record from which the trial court could have doubted Burks' competency. Therefore, the trial court did not abuse its discretion in delaying ruling on Burks' motion to discharge his attorney until the question of Burks' competency was satisfactorily resolved. *See, e.g., Annas v. State,* 726 P.2d 552, 558 (Alaska App.1986).

██ Burks next argues that he was tried in violation of Alaska Rule of Criminal Procedure 45. He claims that, taking into account all properly excluded periods of time, his trial occurred more than 120 days from the date of his arrest. The Rule 45 issue turns on the period of time necessary to determine Burks' competency. Burks' competency to stand trial was first put into question on January 11, 1985, when his public defender moved for a court-ordered competency examination. At a hearing on the motion, Burks indicated that he did not wish a competency examination, but wished to discharge his public defender and repre-

sent himself. A competency examination was nevertheless scheduled over Burks' objection. The final competency hearing was held before Judge Victor D. Carlson on May 10, 1985. Burks argues that this time should have been counted against the state because he did not authorize his public defender to raise issues of competency and objected to the examination. We are unpersuaded by this argument.

We are satisfied that this case was tried in conformity with Criminal Rule 45. Whether the issue of Burks' competency was raised by his court-appointed counsel, by the court *sua sponte*, or by Burks' own efforts to waive counsel and represent himself, we are satisfied that the time necessary to determine Burks' competency was properly excluded. *See Stobaugh v. State*, 614 P.2d 767, 769–70 (Alaska 1980) (time necessary to resolve defense counsel's motion to withdraw constituted "other proceedings concerning the defendant," excludable pursuant to Criminal Rule 45(d)(1)). Since Burks' competency was at issue from January 11, 1985, to May 10, 1985, this time was properly excluded. Therefore, we hold that this case was tried in conformity with Criminal Rule 45.

Burks next argues that there was no adequate finding of his competency to stand trial. While Judge Carlson clearly had doubts regarding Burks' competency, there was sufficient evidence in the record to support a finding that Burks was competent. Moreover, it appears that Judge Carlson, in reliance on psychiatric testimony, concluded that Burks was competent to stand trial. *See, e.g., Schade v. State*, 512 P.2d 907, 914 (Alaska 1973) (when psychiatric examination of the defendant yields professional findings that the defendant is competent to stand trial, the question of whether to hold further evidentiary hearings is addressed to discretion of trial court).

Burks' final argument is that the trial court failed to inform him of the disadvantages of self-representation before permitting him to represent himself. *See James v. State*, 730 P.2d 811 (Alaska App.

1987). In this regard, the record is ambiguous. A majority of this court has therefore concluded that the case must be remanded to the trial court for further findings of fact and conclusions of law to determine whether Burks was competent to represent himself, and whether he waived his right to counsel.

Both Judge Carlson, the pretrial judge, and Judge Rene J. Gonzalez, the trial judge, addressed the question of Burks' competency to waive counsel and represent himself. It appears that Judge Carlson concluded that Burks could not represent himself. The record supports this conclusion, and based on that conclusion, Judge Carlson could require Burks, over his objection, to be represented by the public defender at trial. *See Annas*, 726 P.2d at 557. In contrast, Judge Gonzalez seems to have concluded, despite substantial reservations, that Burks was competent to represent himself. Judge Gonzalez's conclusions, however, are somewhat ambiguous. It is possible to construe the record to the effect that Judge Gonzalez found Burks incompetent, but was nevertheless persuaded by the public defender that, as a matter of law, Burks, competent or not, had the right to represent himself if he wished to do so. *See, e.g., Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *McCracken v. State*, 518 P.2d 85, 91 (Alaska 1974).

This reading of those cases, however, is too broad. Both *Faretta* and *McCracken* stand for the proposition that the trial court can only permit self-representation if it finds that the defendant, (1) having the competency to knowingly, intelligently, and voluntarily waive counsel, (2) does waive assistance of counsel, and (3) is at least minimally capable of presenting a coherent case to the jury. The cases are clear that the defendant's ignorance of law, standing alone, will not preclude self-representation. Where the defendant lacks the capacity, however, to make a coherent presentation, the trial court can require that the defend-

ant be represented by counsel.[1] *Annas,* 726 P.2d at 557.

In his dissenting opinion, Judge Coats concludes that Judge Gonzalez unequivocally found that Burks was incapable of knowingly and intelligently waiving his right to counsel. In Judge Coats' view, Judge Gonzalez erred because he equated competence to waive rights with the right to self-representation. *See Dolchok v. State,* 639 P.2d 277, 293 (Alaska 1982) (Supreme Court of Alaska disinclined to adopt separate tests for determination of competency to plead, *i.e.,* to waive rights, and competency to stand trial). We agree with Judge Coats that a person may be competent to aid in his own defense and therefore competent to waive his right to counsel but, nevertheless, incompetent to represent himself under the *Faretta* and *McCracken* standards because he is incapable of making an intelligible, coherent presentation. We are not convinced, however, that Judge Gonzalez unequivocally found that Burks was either incapable of waiving his rights or incapable of representing himself at trial.[2] We stress that appointment of standby counsel is not a substitute for appointed counsel where a person is incapable of making a constitutional waiver of counsel. It is only when a person is first found capable of waiving his right to counsel and

representing himself under the standards enunciated in *Faretta* and *McCracken* and elects to do so, that the court may appoint advisory counsel. *See McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).

We believe a remand is necessary in order for Judge Gonzalez to clarify his rulings. We are satisfied that a retrospective determination of competence, to the limited extent necessary, is appropriate in this case because the record contains substantial contemporaneous psychiatric and psychological information regarding Burks, and both Judge Carlson and Judge Gonzalez held extensive hearings regarding Burks' right to counsel and right to self-representation. *See Dolchok,* 639 P.2d at 293 (apparently approving retrospective determination of competence when a contemporaneous record is sufficient for that purpose and no initial determination was made).

We therefore remand this case to the trial court for additional findings and conclusions. In particular, the trial court should determine whether Burks, (1) was competent to stand trial, (2) executed a constitutionally valid waiver of counsel, (3) made a knowing and intelligent waiver of his right to representation by the public defender, *see* AS 18.85.100(a)(1) and AS 18.-85.140,[3] and (4) was competent to proceed

---

1. *Faretta* indicates an alternate ground for denying self-representation. If the trial court is convinced by the defendant's behavior that the defendant, regardless of competence, will not obey reasonable rules governing the presentation of evidence and courtroom decorum, the court may disqualify an otherwise competent individual from self-representation in order to enable the trial to proceed. Given the substantial value placed on the right to self-representation, this authority should only be exercised in cases where a defendant has clearly demonstrated an unwillingness to comply with reasonable rules and regulations. We recognize that the line between intransigence and incompetence is sometimes hard to draw and that, in this case, mental health professionals were uncertain as to whether Burks was mentally ill or simply manipulative. In many cases a defendant's intransigence will, when evaluated in light of the totality of the circumstances, lead a trial court to find incompetence. Perhaps Judge Carlson made such a finding. It could be sustained on this record. Such a finding was apparently not made by Judge Gonzalez.

2. Judge Coats may be correct that Judge Gonzalez never reconsidered his earlier rulings questioning Burks' competency to represent himself, but permitted him to do so under the mistaken belief that Burks had a legal right to do so, competent or not. If so, Burks is entitled to a new trial. The record is ambiguous, however, and would support a finding that Judge Gonzalez, having had further opportunity to observe Burks, reconsidered his earlier rulings and implicitly concluded that Burks was competent to waive counsel and represent himself. Judge Gonzalez would have been acting within his discretion if he resolved reasonable doubts in favor of permitting self-representation. This ambiguity should be resolved on remand.

3. The right to representation by a public defender is provided by AS 18.85.100, which reads in part:

   *Right to Representation, Services and Facilities.* (a) An indigent person who is being detained by a law enforcement officer in connection with a serious crime is entitled ...

*pro se.*[4] In making the latter determination, the court should review the record and determine whether Burks possessed a sufficient understanding of the benefits and detriments of waiving counsel in order to be able to intelligently exercise a choice. We leave to the discretion of the trial court whether to consider additional evidence or hold an additional hearing in order to determine these issues. *Dolchok,* 639 P.2d at 292–94. We will retain jurisdiction to consider Burks' claims regarding his competency, pending the finding of the trial court.

This case is AFFIRMED in part and REMANDED to the trial court for additional findings.

COATS, J., dissents.

COATS, Judge, dissenting.

I find that I must dissent from the conclusion of the majority that this case should be remanded for further findings. Judge Gonzalez found that Burks was incapable of knowingly and intelligently waiving his right to counsel. This finding is supported by the record. Yet Judge Gonzalez allowed Burks to conduct his own defense. Because the trial judge found that Burks was incapable of representing

himself, yet allowed him to do so, reversal is necessary in this case.

The question of when a defendant can represent himself seems to be occurring with increasing frequency in the trial courts. At the risk of oversimplifying, perhaps it would be helpful if I gave my impression of the essence of the cases in this area.

A defendant has the right to represent himself. *Faretta v. California,* 422 U.S. 806, 821, 95 S.Ct. 2525, 2534, 45 L.Ed.2d 562 (1975); *McCracken v. State,* 518 P.2d 85, 91 (Alaska 1974). The decision by a defendant, however, to exercise this right is almost always a bad one. The cases, however, seem to recognize the right of a defendant to make a bad decision; they permit him to choose to commit judicial suicide by defending himself. The court has a duty to make sure that the defendant who wishes to represent himself is fully aware of the dangers of self-representation and of the benefits of having an attorney. Because a decision by a defendant to exercise this right is usually such a bad decision and is generally so disruptive to the proper function of the judicial process, the trial court must make sure that a defendant who chooses to represent himself knows what he is doing.[1] The trial judge should

---

(1) to be represented by an attorney to the same extent as a person retaining an attorney is entitled....

Waiver of the right to a public defender's assistance is governed by AS 18.85.140, which provides:

A person who has been appropriately informed under AS 18.85.100 may waive in writing, or by other record, any right provided by this chapter, if the court concerned, at the time of or after waiver, finds of record that the person has acted with full awareness of the person's rights and of the consequences of a waiver. The court shall consider such factors as the person's age, education, familiarity with the English language and the complexity of the crime involved in making the finding.

4. When a trial judge finds that a defendant is competent to stand trial (and therefore competent to waive constitutional rights) and in addition finds that the defendant voluntarily, knowingly and intelligently waives his right to counsel and elects to proceed *pro se,* the judge must still consider the defendant's ability to make a coherent and intelligible presentation of his de-

fense to the court or a jury. If a competent defendant makes a valid waiver of his right to counsel, the trial court should give the defendant the benefit of the doubt regarding the defendant's ability to make a coherent presentation. If the court is convinced, however, that the defendant cannot represent himself coherently, then counsel must be appointed regardless of the defendant's objections. *See Annas,* 726 P.2d at 557. In such a case, counsel must be appointed to represent the defendant. Appointment of advisory counsel is insufficient.

1. I *Standards for Criminal Justice,* § 6–3.6 commentary at 6.39–40 (2d. ed. 1982) (footnotes omitted) states:

Except in the most unusual circumstances, a trial in which one side is unrepresented by counsel is a farcical effort to ascertain guilt. Thus, once a defendant has clearly and unequivocally declared his or her intention to appear pro se, the trial judge must conduct a thorough inquiry into the circumstances surrounding the assertion.... This inquiry should be incorporated into the trial record ... and should include: advising the defend-

attempt to discourage a defendant from representing himself. If he insists, however, the defendant must be allowed to represent himself if he is able to knowingly and intelligently waive his right to counsel and has certain minimum competence to conduct a defense.

Whether a defendant can knowingly and intelligently waive a fundamental right such as the right to counsel is one which courts decide frequently. Judge Gonzalez found that Burks was not able to knowingly and intelligently waive his right to counsel. Although it is relatively unusual to find that a defendant is not able to knowingly waive his right to counsel, in this case the record fully supports Judge Gonzalez's conclusion. Since Burks was unable to waive his right to counsel, Judge Gonzalez was required to find that Burks could not represent himself and to require counsel to represent Burks.

There is an additional element of the defendant's competence to conduct a defense which is worthy of comment. If the defendant is capable of waiving counsel, what sort of competence is necessary to conduct a defense? Under *Faretta*, the defendant does not need to "have the skill and experience of a lawyer in order competently and intelligently to choose self-representation...." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541. The Alaska Supreme Court states that the trial court must establish that the defendant can represent

himself in a "rational and coherent manner." *McCracken*, 518 P.2d at 91. It appears that the average criminal defendant must be permitted to represent himself regardless of how bad an idea that might be for him. The trial court first should explain to the defendant the disadvantages of self-representation. If the defendant insists on representing himself and is competent to do so, the trial court can consider the use of advisory counsel to aid him. It appears, however, that there is some sort of relatively low minimum standard which the defendant must meet to be able to conduct his own defense. Exactly what this minimum standard is, however, is not clear. It appears that the standard which the defendant has to meet is not high, and the court must find fairly unusual circumstances in order to deprive the defendant of his right to represent himself. In this case it appears that there was substantial evidence that Burks did not meet this minimum standard of competence. It is unnecessary to resolve this issue, however, because Burks had already been found to be incapable of waiving his right to counsel.

---

ant of the right to counsel and the importance of having counsel; warning the defendant of the "dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open'"; and inquiring into

the defendant's educational background, previous experience with criminal trials, and general competence.... [T]he defendant must possess the mental competence to understand the dangers and ramifications of self-representation.