John FALCONE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10278.

Court of Appeals of Alaska.

April 2, 2010.

Margi A. Mock, Assistant Public Defender, Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Angela D. Kemp, Assistant District Attorney, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

### *OPINION*

BOLGER, Judge.

John Falcone repeatedly presented pleadings and courtroom objections based on his persistent belief that the Uniform Commercial Code and admiralty jurisdiction would provide a defense to the charges he faced at his criminal trial. Superior Court Judge Philip M. Pallenberg eventually concluded that Falcone could not present his case in a rational and coherent manner, based on his irrational pleadings and objections, his obstreperous courtroom conduct, and a pretrial competency evaluation. We conclude that under these circumstances, the trial judge had the discretion to deny Falcone's self-representation request.

### *Background*

On the morning of February 8, 2008, John Falcone spent several hours drinking at the Rendezvous Bar in Juneau, Alaska. After Falcone became belligerent towards some of the patrons, the bartender asked him to leave. Falcone became angry and began throwing bar stools and damaging other items around the bar. Falcone was arrested and charged with disorderly conduct,[1] resisting arrest,[2] fourth-degree criminal mischief,[3] and being drunk on licensed premises.[4]

During Falcone's arraignment on the misdemeanor charges, District Court Judge

Keith B. Levy noted that he had previously denied Falcone's request to represent himself in other proceedings, and that "unless something dramatic has changed, [he] would be inclined to decline [the request] again." When Judge Levy appointed the public defender to represent Falcone, the defendant objected:

> I will not talk with them. Your Honor, the Constitution of the United States grants this court two criminal jurisdictions. One is the admiralty jurisdiction that constitutes the condition of a contract, the other is a common law jurisdiction which requires an injured party.

Falcone was later indicted for criminal mischief in the third degree,[5] and Judge Pallenberg held a felony arraignment. When the judge asked whether Falcone received a copy of the indictment, Falcone began arguing his rights under the Uniform Commercial Code and asserted that he would not be compelled to enter into any contract, including "appointment of attorney contracts."

Throughout the arraignment, Falcone continued to raise arguments under the Uniform Commercial Code and to make assertions about criminal procedure which indicated that he did not understand the nature of the proceeding. For example, Falcone told the judge: "[S]o, basically, if we go to trial, I'm going to demand that the jury bring charges against the bartender and possibly the owner of the bar as well." Following the felony arraignment, Falcone filed a series of motions arguing his right to self-representation, citing the Uniform Commercial Code and the Bible—one of the motions called for a "jury trial for the right to self representation, d[ue] to the belief in a supreme being."

Judge Pallenberg ordered a competency evaluation and scheduled a competency hearing for later in the month. The Alaska Psychiatric Institute evaluation concluded that Falcone was competent to stand trial and to represent himself. The evaluating psychologist noted that Falcone carried a diagnosis of

---

1. AS 11.61.110(a)(6).

2. AS 11.56.700(a)(1).

3. AS 11.46.484(a)(1).

4. AS 11.04.16.040.

5. AS 11.46.482(a)(1).

antisocial personality disorder and polysubstance dependence. She stated that although Falcone appeared to understand how he could defend himself at trial, he was likely to do a very poor job based on his reliance on the Uniform Commercial Code and admiralty jurisdiction.

On April 17, 2008, the court held a hearing to further consider Falcone's competence to represent himself at trial. Falcone repeatedly interrupted Judge Pallenberg and objected based on the Uniform Commercial Code and admiralty jurisdiction. Judge Pallenberg had to warn Falcone to stop interrupting. Ultimately, Judge Pallenberg made the following findings:

> I have serious reservations about Mr. Falcone's ability to—or willingness to abide by the procedures set by the Court to comply with rulings, but he is absolutely correct that he has a constitutional right to represent himself. And I think the way this discussion has gone forward, I think it's likely when we get to trial that Mr. Falcone's going to bring up extraneous matters, interrupt other parties and the Court, make incoherent legal arguments, and otherwise not make a very coherent presentation of his case. But I certainly don't want to violate his right to represent himself. And I think that the best way to proceed is to appoint standby counsel for him.

After further discussion with Falcone and the attorneys, Judge Pallenberg concluded:

> I will find that Mr. Falcone, although his decision may be based on some legal theories that are—that may be legally incorrect, that he is—possesses the minimum level of competency to waive counsel, that he does so freely and voluntarily.... And at this point, although I think he—his ability to present a coherent case is in question, I will, with the assistance of standby counsel, allow him to represent himself.

On May 8, 2008, Judge Pallenberg conducted an omnibus hearing. Falcone entered an objection to "the state being the defendant" and warned the court and opposing counsel that he had more motions to file,

including a "motion about [his] religious belie[f]s to have counsel on [his] case." After discussion with all parties, Judge Pallenberg came to the conclusion that his earlier determination as to Falcone's competence to represent himself was wrong. Relying on *McCracken v. State*,[6] the judge determined that Falcone was "not capable of presenting his case in a rational and coherent manner," and that "his trial, if he represent[ed] himself, would be a farce." Judge Pallenberg then appointed the Public Defender Agency to represent Falcone at trial.

The Public Defender Agency filed a motion to withdraw at Falcone's request. At a June 3, 2008 hearing, the judge denied the motion, noting that "a trial in which Mr. Falcone is trying to represent himself is not a trial in which his case is going to be presented in any kind of rational or coherent way. And I think his filings and statements have made that clear."

On June 24, 2008, the parties argued the impact of the recent decision by the United States Supreme Court in *Indiana v. Edwards*.[7] Falcone's attorney maintained that *Edwards* supported Falcone's right to represent himself, particularly because Falcone's psychiatric evaluation did not reveal any serious mental illness. In response, the State called the court's attention to Falcone's behavior in the courtroom, as well as his pro se filings—several of which referenced authorities not relevant to the case such as the Bible and the Uniform Commercial Code.

Judge Pallenberg concluded that "as a legal matter ... the *McCracken* standard survives [*Edwards*]." In light of that conclusion, Judge Pallenberg repeated his earlier conclusion that Falcone was not capable of presenting a rational and coherent case to a jury.

Falcone objected (personally) and began discussing his right to self-representation:

> I am proceeding in propria persona, I've been asking for evidence ever since I was arraigned on this charge and it can't be brought by an agency or institution. This is the only valid means by which a citizen

---

**6.** 518 P.2d 85 (Alaska 1974).

**7.** 554 U.S. 164, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008).

may begin to face his accuser. Also the injured party corpus delicti must make the accusation, hearsay evidence may not be provided.... I put in a complaint against you, Mr. Pallenberg, for the way you introduced yourself to me, the way the attorney generals are heading their papers in the district slash superior court for the state of Alaska....

On the morning of trial, a final conference was held with Falcone and the attorneys. During the conference, Falcone repeatedly interrupted Judge Pallenberg, until the judge warned him that if he continued, he would be removed from the courtroom and charged with contempt.

At the close of the trial, a jury convicted Falcone of disorderly conduct and being a drunken person on licensed premises, and acquitted him of all other charges. Falcone now appeals the superior court's decision denying his request to represent himself.

### Discussion

#### The Competency Considerations for Self–Representation

■ A criminal defendant has a constitutional right to proceed to trial without counsel if he "voluntarily and intelligently elects to do so."[8] The right of self-representation may be restricted only in narrow circumstances "in order to prevent a perversion of the judicial process."[9]

■ In McCracken, the Alaska Supreme Court established the following procedure for a judge considering a defendant's request for self-representation: The trial judge should first decide whether the defendant is "capable of presenting his [case] in a rational and coherent manner"; secondly, that the defendant "understands precisely what he is giving up by declining the assistance of counsel"; and, finally, that the defendant is "willing to conduct himself with at least a modicum of courtroom decorum."[10] This court has consistently followed this standard, recognizing that the right of self-representation may be denied only "if the defendant is not minimally capable of presenting their case in a coherent fashion ... [or] if the defendant is not capable of conducting their defense without being unusually disruptive."[11]

Federal law also allows a trial judge to deny self-representation in certain narrow circumstances. In Edwards, the United States Supreme Court concluded that "the Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so."[12] The Edwards Court went on to explain its decision in a way that focused on the facts of that case: "[T]he Constitution permits States to insist upon representation by counsel for those competent enough to stand trial ... but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves."[13]

Based on this language, Falcone now argues that the Edwards decision requires "severe mental illness" as a condition precedent to a state court's decision to deny an otherwise competent defendant the right of self-representation. Falcone's position is supported by the decision of the Seventh Circuit

---

8. *Faretta v. California*, 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562 (1975) (establishing the right to self-representation under the Sixth and Fourteenth Amendments); *McCracken*, 518 P.2d at 89–91 (holding that the right to self-representation is a retained right under Article 1, Section 21 of the Alaska Constitution).

9. *McCracken*, 518 P.2d at 91.

10. *Id.* at 91–92.

11. *Oviuk v. State*, 180 P.3d 388, 390 (Alaska App.2008) (quoting *Lampley v. State*, 33 P.3d 184, 189 (Alaska App.2001)); *see Ramsey v. State*, 834 P.2d 811, 814 (Alaska App.1992) (discussing the parameters that *McCracken* placed around the right to self-representation); *Gargan v. State*, 805 P.2d 998, 1000 (Alaska App.1991) (emphasizing that where the court finds the defendant lacking the ability to make a coherent presentation, the court may require representation by counsel); *Burks v. State*, 748 P.2d 1178, 1180–81 (Alaska App.1988) (same).

12. *Edwards*, 128 S.Ct. at 2387–88.

13. *Id.* at 2388.

Court of Appeals in *United States v. Berry.*[14]

This court is not bound by *Berry*, and we are not persuaded by its reasoning.[15] We do not read the *Edwards* decision to require "serious mental illness" as a necessary condition before a trial judge can limit the right of self-representation. We acknowledge that the *Edwards* Court declined Indiana's request to adopt a specific standard similar to the Alaska standard, a "standard that would deny a criminal defendant the right to represent himself at trial where the defendant cannot communicate coherently with the court or a jury."[16] But the *Edwards* Court did not disapprove this standard. The Court simply failed to reach this issue because Edwards's case could be decided on narrower grounds. In other words, the *Edwards* decision left the Alaska standard undisturbed.

### Judge Pallenberg's Decision

 The *Edwards* decision recognized that the trial judge is "best able to make more fine-tuned mental capacity decisions, tailored to the individualized circumstances of a particular defendant."[17] We agree, and we therefore review a trial judge's decision to limit a defendant's right to self-representation for an abuse of discretion.[18]

Judge Pallenberg's decision in this case was based on Falcone's pretrial psychological evaluation, his pleadings, and his courtroom behavior. When given the chance to represent himself, Falcone filed bizarre pretrial motions, and insisted on presenting a defense based on the Uniform Commercial Code, admiralty jurisdiction, and his religious beliefs. Falcone also raised unintelligible objections in court. In addition, Falcone repeatedly interrupted the judge, eventually requiring

the judge to warn Falcone that he could be removed from the courtroom.

Falcone's behavior in this case resembles the behavior of the defendant in *United States v. Ferguson.*[19] When asked whether he wanted to plead guilty, Ferguson replied: "Well, your honor, I fully accept the charges for value and for consideration. And I ask that these charges, these accounts be closed out and settled by the exemption in accordance to public policy."[20] When the court responded that it did not understand Ferguson, he explained his answers by reference to "House Joint Resolution 192, public law 73–10, and UCC 3–419" and then repeatedly invoked the Uniform Commercial Code in his defense.[21] In accord with pre-*Edwards* law, Ferguson was permitted to represent himself at trial with advisory counsel standing by.[22] On appeal, the Ninth Circuit concluded that Ferguson's "actions suggest that he might have been 'unable to carry out the basic tasks needed to present his own defense without the help of counsel'" and therefore remanded the case, requiring the trial court to reexamine its decision to allow Ferguson to proceed pro se.[23]

The *Ferguson* court's concerns about the competency and conduct of a similarly challenged defendant suggest that Judge Pallenberg could reasonably conclude that Falcone was not competent to represent himself at trial. Falcone presented pleadings and courtroom objections that were neither rational nor coherent. His personality disorder and obstreperous courtroom conduct suggested that his trial presentation would be similarly unintelligible. Based on these factors, Judge Pallenberg could reasonably conclude that Falcone could not present his defense in a rational and coherent manner.

**14.** 565 F.3d 385, 391 (7th Cir.2009).

**15.** *See Harrison v. State,* 791 P.2d 359, 363 (Alaska App.1990) (explaining that Alaska courts are not bound by lower federal court decisions on issues of federal law).

**16.** *Edwards,* 128 S.Ct. at 2388 (quotations omitted).

**17.** *Id.* at 2387.

**18.** *Ramsey,* 834 P.2d at 815; *Gargan,* 805 P.2d at 1001.

**19.** 560 F.3d 1060 (9th Cir.2009).

**20.** *Id.* at 1062.

**21.** *Id.*

**22.** *Id.* at 1064.

**23.** *Id.* at 1069–70 (quoting *Edwards,* 128 S.Ct. at 2386).

In reaching this conclusion, we reaffirm that both the federal and state constitutions guarantee criminal defendants the right to represent themselves if they wish to do so. Assuming that a defendant has validly waived the right to counsel, a trial judge has only limited authority to reject a defendant's request for self-representation: when the defendant is incapable of presenting his case in a coherent fashion or incapable of conforming to the orderly procedures of the court.

We caution trial judges that many defendants will be capable of presenting a coherent case even though, from a legal standpoint, their asserted defense is dubious or even plainly wrong. The question is not whether the defendant correctly understands the law and is capable of distinguishing a good defense from a poor one. Rather, the question is whether the defendant is capable of presenting his or her case in an understandable way.

Here, even though Falcone's defenses based on admiralty law and the Uniform Commercial Code were misguided, Falcone's assertion of these defenses did not necessarily demonstrate that he was incapable of coherently presenting his case to the jury. Judge Pallenberg properly gave Falcone the benefit of the doubt and initially ruled that Falcone could represent himself. Ensuing events caused Judge Pallenberg to reconsider his ruling—after Falcone persisted in his eccentric defenses to the point where it was virtually impossible to hold any meaningful discussion of his case, and to the point where Falcone's behavior suggested that he would not comport himself with the "modicum of courtroom decorum" required by *McCracken*.[24] On this record, Judge Pallenberg could reasonably conclude that he should appoint counsel to assist Falcone in order to avoid a perversion of the judicial process.

### Conclusion

We conclude that Judge Pallenberg did not abuse his discretion when he denied Falcone's request to represent himself. We therefore AFFIRM the superior court's judgment.

24. 518 P.2d at 92.