**STATE of Alaska, Petitioner,**

v.

**Hurist JOUBERT, Respondent.**

**No. S–9129.**

Supreme Court of Alaska.

April 13, 2001.

---

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Bo-

telho, Attorney General, Juneau, for Petitioner.

Maria Bahr and Michael Dieni, Assistant Public Defenders, and Barbara K. Brink, Public Defender, Anchorage, for Respondent.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

*OPINION*

EASTAUGH, Justice.

## I. *INTRODUCTION*

Under Alaska law, when an arrest is for an offense of which evidence could be concealed on a person, a police officer is permitted to conduct a warrantless search of the arrestee for evidence of the crime at the time of arrest. When the officer conducting this search feels a small, hard object near the watch pocket of the arrestee's jeans, is he permitted to lift the hem of the arrestee's sweatshirt to determine what the object is? The court of appeals, evaluating this search as a warrantless pat-down of the arrestee for weapons, answered "no." Concluding that the search was justified as a search for evidence of a crime which could be concealed on the person, we hold that the superior court did not err in denying defendant's suppression motion and reverse the decision of the court of appeals.

## II. *FACTS AND PROCEEDINGS*

Hurist Joubert was detained on suspicion of auto theft by his parole officer, Stanley Shoop, who observed Joubert operating a Cadillac that had been reported stolen. Shortly thereafter Anchorage Police Department (APD) officers Philip Kantor and Mitch Kehr arrived. The officers radioed APD dispatch and received confirmation that the Cadillac was listed as stolen. Officer Kantor took Joubert from Parole Officer Shoop's car, handcuffed him, and conducted a pat-down search.

During this search, Officer Kantor felt something small and hard in Joubert's right front pants pocket area but could not ascertain the nature of the object because he was feeling it through Joubert's bulky sweatshirt. Officer Kantor suspected that it might be a weapon so he lifted the hem of the sweatshirt "to see what it was." Officer Kantor testified that when he exposed Joubert's jeans by lifting the sweatshirt, he saw a white object protruding from the top of Joubert's jeans' watch pocket. The object appeared to be a rock of crack cocaine, and Officer Kantor seized it. He then reached into the watch pocket and retrieved a second object that also appeared to be a rock of crack cocaine. Officer Kantor testified that these objects were about the size of a pea. Officer Kantor then searched Joubert's sweatshirt pocket where he found a blue velvet bag containing what appeared to be numerous rocks of crack cocaine.

Based on these discoveries, Officer Kantor arrested Joubert for cocaine possession and vehicle theft. Joubert later produced documentation that the Cadillac was registered in his name. The objects indeed were crack cocaine. Joubert was indicted on one count of third-degree misconduct involving a controlled substance (possession of cocaine with intent to deliver) under AS 11.71.030(a)(1).[1]

Joubert moved to suppress the crack cocaine rocks as fruits of an illegal search. The trial court held an evidentiary hearing during which Officer Kantor testified that he could not determine the nature of the object in Joubert's pocket. He did not believe that the object was a gun or a knife when he first felt it but thought it may have been a razor blade or possibly an extraordinarily small pocket knife. He testified that "my concern essentially was that I didn't know what [the object] was."

The superior court initially dismissed Officer Kantor's testimony that the crack rocks could have been a weapon as "absolutely ludicrous." It reasoned that if it upheld the search on this basis there would "be no limit to the search for weapons exception." But the superior court upheld the search as a

---

**1.** AS 11.71.030(a)(1) provides:

A person commits the crime of misconduct involving a controlled substance in the third degree if the person manufactures or delivers any amount of a schedule IIA or IIIA controlled substance or possesses any amount of a schedule IIA or IIIA controlled substance with intent to manufacture or deliver.

parole search conducted at the behest of Parole Officer Shoop.

At trial, however, the superior court learned that Parole Officer Shoop neither directed nor requested Officer Kantor to search Joubert. Joubert therefore asked the court to reconsider its denial of his suppression motion.[2] Before issuing his ruling on reconsideration, the superior court judge examined the rocks of cocaine admitted at trial. He then made the following findings:

[A]t the time of the suppression hearing, relying on what I saw and heard but without the opportunity to feel the evidence which is a big difference, I ruled that Officer Kantor's stated suspicion that these two rocks of cocaine might be a small knife or razor was ludicrous. That's wrong. Considering that the defendant was wearing jeans[,] that these two so-called rocks of cocaine were in his watch pocket and that they were also covered by the thickness of his sweatshirt, there is no doubt in my mind at this point after having myself felt these two rocks of cocaine, physically, for the first time, there's no doubt in my mind that Officer Kantor's suspicion that this might be a small knife or a razor blade was reasonable. That's a reasonable suspicion based on articulable facts.

Joubert was convicted as charged and sentenced to a presumptive term of six years. The court of appeals reversed Joubert's conviction, holding that Officer Kantor exceeded the scope of a weapons search incident to arrest because he did not have a reasonable and articulable suspicion that Joubert's pocket contained an atypical, i.e., unusually small, weapon.[3]

**2.** See Joubert v. State, 977 P.2d 753, 756 (Alaska App.1999).

**3.** See Joubert, 977 P.2d at 760.

**4.** See Castillo v. State, 614 P.2d 756, 765–66 (Alaska 1980) (citing Stumbaugh v. State, 599 P.2d 166, 172–73 (Alaska 1979)); Gray v. State, 596 P.2d 1154, 1158 n. 18 (Alaska 1979).

**5.** See Chilton v. State, 611 P.2d 53, 55 (Alaska 1980) (citing Gonzales v. State, 586 P.2d 178, 180 n. 9 (Alaska 1978)); Bobby v. State, 950 P.2d 135, 138 (Alaska App.1997) (citing Wilburn v. State, 816 P.2d 907, 911 (Alaska App.1991)).

## III. DISCUSSION

### A. Standard of Review

 We review a denial of a motion to suppress in the light most favorable to upholding the trial court's ruling.[4] The trial court's findings of fact will not be disturbed unless they are clearly erroneous.[5] We independently determine whether the trial court's factual findings support its legal conclusions.[6] We will sustain the ruling of a trial court on any appropriate legal theory whether or not the theory was considered by the trial court.[7]

### B. Searches Incident to Arrest for Crimes Evidence of Which May Be Found on the Person

 To be valid, a search incident to arrest must meet the standards set out in McCoy v. State: (1) the arrest must be supported by probable cause; (2) the search must be "roughly contemporaneous" with the arrest; (3) the arrest must not be a pretext for the search; and (4) the arrest must be for an offense, evidence of which could be concealed on the person.[8] Under this exception to the warrant requirement, the police must have probable cause to make an arrest at the time the search takes place, but it is not necessary to formally place the suspect under arrest.[9] Joubert does not dispute the timing of the search.

#### 1. Joubert's arrest was supported by probable cause.

 Probable cause to arrest exists if the facts and circumstances known to the officer would support a reasonable belief that

**6.** See Troyer v. State, 614 P.2d 313, 318 (Alaska 1980); Wilburn, 816 P.2d at 911 (citing Juneby v. State, 641 P.2d 823, 834 (Alaska App.1982)).

**7.** See McGee v. State, 614 P.2d 800, 805–06 n. 10 (Alaska 1980) (citing Pistro v. State, 590 P.2d 884, 888 n. 13 (Alaska 1979)).

**8.** McCoy v. State, 491 P.2d 127, 138 (Alaska 1971) (citations omitted), modified on other grounds, 573 P.2d 858 (Alaska 1978).

**9.** See Uptegraft v. State, 621 P.2d 5, 9 (Alaska 1980).

an offense has been or is being committed by the suspect subject to the search.[10] Probable cause is determined objectively[11] and "'requires only a fair probability or substantial chance of criminal activity, not an actual showing that such activity occurred.'"[12] This court independently reviews probable cause determinations.[13]

The trial court concluded that probable cause existed to arrest Joubert based on the report that the Cadillac was stolen. Joubert argues that the police had no probable cause to arrest him because they "made no effort to verify [his] claim that he owned the Cadillac." The record supports the holding of the trial court. Parole Officer Shoop called to verify that the Cadillac was reported stolen before calling the police, and Officer Kantor called APD dispatch when he arrived at the scene to confirm that DMV records did not list Joubert as the Cadillac's owner. Joubert has presented no evidence that the police acted unreasonably in relying on either the report that the Cadillac was stolen or on the information given to them by the dispatcher.

### 2. Joubert's arrest was not a pretext for the search.

 Joubert alleges that the police used his arrest for vehicle theft as a mere pretext to search him for evidence of suspected narcotics activities. Joubert repeatedly refers to Parole Officer Shoop's suspicions that Jou-

bert may have been involved in illegal drug activity as evidence of a pretextual motive, and asserts that Parole Officer Shoop relayed these suspicions to Officer Kantor.

The evidence demonstrates that the police had probable cause to arrest Joubert on suspicion of vehicle theft. The car had been reported stolen, and this report was confirmed at the time of arrest. Evidence that the police may also have suspected Joubert of drug activities is not enough to demonstrate that this arrest was a sham. The evidence in the record is sufficient to uphold the trial court's finding of probable cause.

### 3. Auto theft is an offense evidence of which can be concealed on the person.

 Federal law permits a police officer to search a person and any possessions found upon that person incident to arrest.[14] Alaska law is not so permissive. For a search incident to arrest to go beyond a weapons search, the arrest must be for an offense evidence of which may be found on the suspect's person.[15] If the offense qualifies, the police may only search for evidence of that offense and the search must be reasonable.[16]

We upheld the trial court's holding that the police had probable cause to arrest Joubert for auto theft—third-degree criminal misconduct under AS 11.46.484(a).[17] Joubert

---

**10.** See McCoy, 491 P.2d at 129 (quoting Brinegar v. United States, 338 U.S. 160, 175–76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)); Soolook v. State, 447 P.2d 55, 65 (Alaska 1968).

**11.** See Reeves v. State, 599 P.2d 727, 741 n. 44 (Alaska 1979) (citing Keller v. State, 543 P.2d 1211, 1215 (Alaska 1975) (quoting Berger v. New York, 388 U.S. 41, 55, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967))).

**12.** Van Sandt v. Brown, 944 P.2d 449, 452 (Alaska 1997) (quoting Murdock v. Stout, 54 F.3d 1437, 1441 (9th Cir.1995) (citing Illinois v. Gates, 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983))).

**13.** See In the Matter of J.A., 962 P.2d 173, 175 (Alaska 1998) (explaining that de novo standard of review applies to probable cause determination in criminal context and importing this standard to probable cause determinations in CINA proceedings) (citing Ornelas v. United States, 517

U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)).

**14.** See United States v. Robinson, 414 U.S. 218, 235–36, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

**15.** See Zehrung v. State, 569 P.2d 189, 199–200 (Alaska 1977).

**16.** See id.

**17.** At the time of Joubert's arrest AS 11.46.484(a) provided:

> A person commits the crime of criminal mischief in the third degree if, having no right to do so or any reasonable ground to believe the person has such a right
> ....
> (2) the person drives, tows away, or takes the propelled vehicle of another.

Subsection (2) was repealed in 1996. See ch. 71, § 11, SLA 1996.

was not formally arrested for this offense, but a formal arrest is not necessary for this exception to apply.[18] The trial court treated this search as a weapons search only because Officer Kantor "knew he was not going to find any keys on the defendant to serve as evidence of the crime of possession of this stolen car." The court of appeals did not address this theory.

Evidence of auto theft can include keys altered to fit the vehicle, small tools used to break into the vehicle, or small tools used to alter the vehicle.[19] Such evidence could be concealed on the person. It follows that auto theft fits into the category of crimes for which a search for evidence incident to arrest is permissible.

The state argues that Officer Kantor's search was reasonable because the above evidence could have been concealed in Joubert's pocket. Joubert argues that there was little, if any, likelihood that such evidence could have been found on his person in this case because the officer knew that the car keys were still in the car. Joubert asserts that this search was unreasonable because under the particular circumstances of this case, it was unreasonable for the police to have believed that any evidence of vehicle theft could have been found on his person. He further notes that Officer Kantor testified that he was not searching for evidence of a stolen car.

Officer Kantor's actions, however, are judged objectively,[20] and his subjective beliefs are not the focus of our inquiry.[21] Officer Kantor's authority to search Joubert stems from the lawful arrest, not from his subjective intentions regarding the suspect.[22] It is noteworthy that Joubert was not arrested for a minor offense. *McCoy* and *Zehrung* limit full searches incident to arrest to offenses of which evidence could be found on the suspect in order to prevent the police from using a minor arrest as a pretext for a full search.[23] Vehicle theft, even when couched as third-degree misconduct, is not a minor offense. One arrested for vehicle theft cannot maintain the same expectation of privacy as one arrested for failure to appear for a court date.[24]

We hold that the search of Joubert's watch pocket was valid as a search incident to

---

18. See *Uptegraft*, 621 P.2d at 9.

19. When officers searched the trunk of Joubert's Cadillac, they found a steering wheel and part of a steering column, presumably replaced to provide the driver with a set of working keys.

20. See *Coleman v. State*, 553 P.2d 40, 45 (Alaska 1976) (facts known to officer at time of search must be judged against objective standard in determining whether officer's actions were appropriate).

21. See 2 Wayne R. LaFave, *Search & Seizure* § 3.2(b), at 34–36 (3d ed.1987) (explaining that when officer makes declaration to the effect that he or she did not believe facts which he or she had at time of arrest or search were sufficient to establish probable cause, "this kind of declaration does not require a finding of no probable cause"); *see also Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) ("Officer Johnson testified at the suppression hearing ... that there was no probable cause to arrest until Royer's bags were opened, but the fact that the officers did not believe there was probable cause and proceeded on a consensual or *Terry*-stop rationale would not foreclose the State from justifying Royer's custody by proving probable cause ....") (citing *Peters v. New York, decided with Sibron v. New York*, 392 U.S. 40, 61, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968) (characteriz-

ing seizure of Peters, an apparent prowler, as lawful arrest and search incident thereto where state had defended search as stop-and-frisk)).

22. See *Robinson*, 414 U.S. at 235–36, 94 S.Ct. 467.

23. See *McCoy*, 491 P.2d at 138–39 n. 58 (noting that exception will operate to prevent unlimited incidental searches in cases of arrests for minor offenses; while in most felony cases incidental search may well turn out to be reasonable, nexus between item seized and criminal behavior involved is more difficult to establish in cases involving arrest for minor offenses) (citing *State v. Elkins*, 245 Or. 279, 422 P.2d 250 (Or.1966)).

24. Cases applying this rule bear out the distinction between serious and minor offenses. *Compare Zehrung*, 569 P.2d at 198 (holding failure to appear and failure to pay fine not offenses, evidence of which may be found on suspect); *Jackson v. State* 791 P.2d 1023, 1024 (Alaska App. 1990) (holding failure to appear not offense, evidence of which may be concealed on the suspect); *with Nelson v. State*, 781 P.2d 994, 1000 (Alaska App.1989) (holding evidence of sexual assault may be found on suspect); *Dunn v. Alaska*, 653 P.2d 1071, 1081 (Alaska App.1982) (holding evidence of armed robbery may be found on suspect).

arrest. The authority to search Joubert was established by the arrest itself, as the crime fell into the category of crimes evidence of which can be concealed on the person. Because we uphold this search as a valid search incident to arrest, we need not reach the question of whether this search exceeded the permissible boundaries of a warrantless pat-down.

## IV. CONCLUSION

We conclude, although for different reasons than those announced by the superior court, that the superior court properly denied Joubert's suppression motion. We therefore REVERSE the decision of the court of appeals.