**Kirk Merland CRAWFORD, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–8082.**

Court of Appeals of Alaska.

April 25, 2003.

Brent R. Cole and Colleen J. Moore, Marston & Cole, P.C., Anchorage, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

Kirk Merland Crawford was stopped and arrested for reckless driving.[1] The police searched his car after the arrest and found evidence in the car's console that led to a charge of fourth-degree misconduct involving a controlled substance.[2] Crawford moved to suppress that evidence, arguing that the search was not justified. Superior Court Judge pro tem. John R. Lohff concluded that the search was authorized as a search incident to arrest. Crawford entered a no contest plea, preserving his right to appeal.[3]

We hold that, for purposes of the search-incident-to-arrest exception, the center console of Crawford's car is not a container associated with the person of the arrestee.

---

1. AS 28.35.040

2. AS 11.71.040(a)(3)(A).

3. *See Cooksey v. State*, 524 P.2d 1251, 1255–57 (Alaska 1974).

Because there would not be evidence of reckless driving in the console, the search can only be justified as a search for hidden weapons. However, Judge Lohff's findings did not address that issue so we remand for additional findings.

*Facts and Proceedings*

On March 23, 2000, shortly after noon, Anchorage Police Officer Indrek Oruoja saw Kirk Crawford drive by him at a speed of approximately fifty miles per hour in a thirty miles-per-hour zone on I Street. He watched Crawford move from the far right lane to the far left lane and back to the far right lane in the distance of five blocks without using turn signals. Officer Oruoja pulled Crawford over. Oruoja saw that Crawford "kept looking back into the mirror and then he was making motions inside the vehicle . . . and he was basically fidgeting in the driver's seat as if he was moving objects around." Officer Oruoja said he thought "from a standpoint of safety, that there could be a weapon involved, he could either be concealing a weapon or producing a weapon."

Officer Oruoja approached the vehicle and observed that Crawford was jumpy and nervous. He testified that he asked Crawford to shut off the vehicle and give him the keys, but Crawford refused to give him the keys. Officer Oruoja then pulled Crawford from the vehicle. Crawford became belligerent, thrashed about, and yelled obscenities. Anchorage Police Officer Christopher Ritala and Officer Oruoja handcuffed Crawford, told him he was under arrest for reckless driving, and placed him in the back of the police car.

After placing Crawford in the police car, Officer Oruoja returned to Crawford's car and searched the area that had been within Crawford's immediate reach when Crawford was sitting in the driver's seat. He found a little league baseball bat between the driver's seat and the center console. He also opened a small compartment in the center console and found crack cocaine and cocaine paraphernalia. The State charged Crawford by information with one count of reckless driving and one count of misconduct involving a controlled substance in the fourth degree. The grand jury indicted Crawford on the count of misconduct involving a controlled substance in the fourth degree.

Crawford filed a motion to suppress the cocaine and cocaine paraphernalia found in the compartment in the center console and to dismiss the indictment for fourth-degree misconduct involving a controlled substance. Judge Lohff denied the motion, holding that the search was a proper search incident to arrest under *Dunbar v. State*.[4] Crawford pleaded no contest to fourth-degree misconduct involving a controlled substance and now appeals the denial of his suppression motion.[5]

*Discussion*

Crawford argues that Judge Lohff improperly denied his suppression motion because the search of his vehicle was not a lawful search incident to arrest. He claims that the officers were not looking for evidence associated with the crime charged and that the search could not be justified as necessary for police safety because Crawford was handcuffed in the back of the police vehicle at the time of the search.

We review the facts of the case in the light most favorable to the trial court's ruling.[6] Moreover, we must accept the trial court's findings of fact unless they are shown to be clearly erroneous.[7] However, once the facts are established (using these two rules), we independently assess whether the facts support the trial court's legal conclusions.[8]

4. 677 P.2d 1275, 1277 (Alaska App.1984).

5. *See Cooksey v. State*, 524 P.2d 1251, 1255–57 (Alaska 1974).

6. *State v. Joubert*, 20 P.3d 1115, 1118 (Alaska 2001).

7. *Id.*

8. *Wilburn v. State*, 816 P.2d 907, 911 (Alaska App.1991); *see also McCoy v. State*, 491 P.2d 127, 132–34 (Alaska 1971) (independently assessing whether facts support trial court's legal conclusions).

█ A police search conducted without a warrant is illegal unless the search is justified under one of the recognized exceptions to the warrant requirement.[9] One of the recognized exceptions to the warrant requirement is the search incident to arrest.[10]

█ When the police conduct a search incident to arrest, they may search the area within the arrestee's reach at the time the arrest was made.[11] (This remains true even though the arrestee has been removed from the immediate area, or has been restrained, or both, at the time the search is conducted.[12]) But there are special rules that govern police authority to open and search closed containers that they find within this area.

█ If the container is of the type "immediately associated with the person" of the arrestee—for example, a purse[13] or a jacket[14]—then the officers can open and search it.[15] However, if the closed container is not of the type "immediately associated with the person," then the officers can open and search the container only if they have reason to believe that it contains a weapon or evidence of the crime for which the person has been arrested.[16] Otherwise, the police are limited to seizing the container and applying for a warrant to open and search it.[17]

Thus, one of the primary questions presented in this appeal is whether the center console of Crawford's car was a container "immediately associated with his person." Although the center console of a car or truck is designed for the storage of personal items and is generally accessible to the driver (and other occupants of the front seat), it is not worn about the person like a purse or carried upon the person like a jacket. It is more akin to a briefcase—a container which, according to our supreme court, is not "immediately associated with the person."[18] We therefore conclude that when the police arrest the driver of a vehicle, they are not authorized to search the center console of that vehicle as a matter of course. Rather, a warrantless search of the console is permissible only if the police have reason to believe that it contains a weapon or that it contains evidence of the crime for which the driver has been arrested.

As our supreme court observed in *Hinkel v. Anchorage*,[19] there is generally no evidence associated with the crime of reckless driving.[20] Thus, if the officers' warrantless search of Crawford's console is to be upheld, it must be on the basis that the officers had reason to believe that the console contained a weapon.

█ As we noted earlier, Officer Oruoja stated that he was concerned that there might be a weapon in Crawford's vehicle. Further, when the trial court ruled on the

9.  *Schraff v. State*, 544 P.2d 834, 838 (Alaska 1975).

10. *See McCoy*, 491 P.2d at 138.

11. *See Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969); *Dunbar*, 677 P.2d at 1277.

12. *Dunbar*, 677 P.2d at 1277.

13. *Hinkel v. Anchorage*, 618 P.2d 1069, 1071 (Alaska 1980).

14. *Dunn v. State*, 653 P.2d 1071, 1082 (Alaska App.1982).

15. *Id.* at 1081.

16. *Id.* at 1082.

17. *Id.*

18. *Hinkel*, 618 P.2d at 1071–72 (citing with approval *United States v. Berry*, 560 F.2d 861 (7th Cir.1977), *vacated on other grounds*, 571 F.2d 2 (7th Cir.1978) (holding that an attache case should be categorized as luggage—and thus governed by the rule in *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977)—rather than treated as an article of clothing or other container immediately associated with the person)).

19. 618 P.2d 1069 (Alaska 1980).

20. *Id.* at 1070.

suppression motion, the court noted that Officer Oruoja "[had] reported ... some safety concerns." But the trial court made no finding on the issue of whether the facts known to Oruoja at the time of the search provided an articulable and reasonable basis to believe that the console might contain a weapon. We must therefore remand this case to the superior court.

We REMAND Crawford's case to the superior court, and we direct the superior court to make findings as to whether there was an articulable and reasonable basis to believe that the center console of Crawford's vehicle might contain a weapon. Further, because the search in this case actually involved a small inner compartment of that console, the superior court must also make findings as to whether there was reason to believe that the small inner compartment was large enough to contain a typical weapon—or whether there was some reason to believe that Crawford possessed an atypically small weapon.

The superior court shall transmit its findings to this court within ninety days and shall serve the findings on the parties. After the superior court issues its findings, the parties shall have thirty days to file supplemental memoranda addressing the superior court's findings. We shall then renew our consideration of Crawford's appeal.

We retain jurisdiction.