**Kirk Merland CRAWFORD, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–8082.**

Court of Appeals of Alaska.

March 26, 2004.

---

**13.** 77 P.3d 423 (Alaska 2003).

**14.** *Id.* at 432.

**15.** *Id.*

Brent R. Cole and Colleen J. Moore, Marston & Cole, P.C., Anchorage, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

■ In *Crawford v. State,* 68 P.3d 1281 (Alaska App.2003), we remanded this case for additional findings from the superior court on the justification for the search of Kirk Merland Crawford's vehicle. The superior court found that the officer searching Crawford's vehicle had "a very real suspicion that [Crawford] possibly possessed a weapon" and "an articulable and reasonable basis to conclude the [center] console might contain a weapon." Based on those findings, which are supported by substantial evidence, we agree with the superior court that the search was

---

**1.** *See Brown v. State,* Alaska App. Memorandum Opinion and Judgment No. 4770 (Oct. 8, 2003), 2003 WL 22304141.

justified. Accordingly, we affirm the superior court.

We discussed the facts in our first opinion in this case and need not repeat that discussion here. On remand, Superior Court Judge pro tem John R. Lohff heard additional testimony from Anchorage Police Officer Christopher Ritala before he entered his additional findings on remand.

■ Crawford argues that the superior court exceeded its authority by hearing additional testimony. Crawford points out that we specifically reminded the superior court that it could hold additional hearings in another case that we remanded for additional findings.[1] Therefore, Crawford reasons, the superior court must refrain from hearing additional testimony on remand unless we authorize such testimony. Because our opinion in this case did not mention additional testimony, Crawford argues that the superior court heard that testimony without authorization. But the comment in the other decision reminding the trial court of its authority to take additional evidence did not, by implication, establish a rule authorizing that procedure only if we mentioned that procedure in our decision. We recognize that the superior court was empowered to take additional evidence, in its discretion, so that it could meet its obligation to enter the additional findings.

In our previous decision in this case, we concluded that the officer's search of the center console of Crawford's vehicle could only be upheld as a search for weapons.[2] Judge Lohff found that the testimony of Officer Indrek Oruoja established a number of facts: Crawford's driving was erratic because he was driving twenty miles per hour above the speed limit and made two double lane changes, without signaling, in less than four blocks. Officer Oruoja signaled Crawford to stop and Crawford stopped in a traffic lane. When Officer Oruoja used his loudspeaker to direct Crawford to move out of traffic onto a cross street, Crawford "made motions inside the vehicle to his lap area and to the right, fidgeting in the driver's seat as

---

**2.** *Crawford,* 68 P.3d at 1283.

if he was moving an object around." Officer Oruoja contacted Crawford and asked him to shut off the vehicle and give him the keys, but Crawford refused. Crawford was nervous, agitated, and jumpy in a way that was different from a normal contact Officer Oruoja had with people he stopped.

Because Crawford was not cooperating, Officer Oruoja removed him from the vehicle and noticed a small baseball bat wedged between the driver's seat and the console. Crawford thrashed about and yelled profanities. Officer Oruoja testified that he thought "from a standpoint of safety, that there could be a weapon involved, he could either be concealing a weapon or producing a weapon."

With Officer Ritala's assistance, Officer Oruoja handcuffed Crawford, told him he was under arrest for reckless driving, and placed him in the patrol car. Officer Oruoja returned to Crawford's vehicle. He checked the console because, as he testified, "I was thinking that there could be some sort of a weapon inside" and found crack cocaine and cocaine paraphernalia. This discovery led to Crawford's conviction for fourth-degree misconduct involving a controlled substance.[3]

**3.** AS 11.71.040(a)(3)(A).

**4.** *See State v. Joubert,* 20 P.3d 1115, 1118 (Alaska 2001).

**5.** *See Wilburn v. State,* 816 P.2d 907, 911 (Alaska App.1991) (a reviewing court independently as-

Crawford argues that Judge Lohff's findings are not supported by the record. However, we must accept the superior court's findings unless Crawford convinces us that those findings are clearly erroneous.[4] Because there is substantial evidence in the record supporting Judge Lohff's findings, we reject Crawford's claim and uphold the findings.

From those factual findings, Judge Lohff concluded that Officer Oruoja had an articulable and reasonable basis to search the console for a weapon. We agree. Judge Lohff's findings support the legal conclusion that Officer Oruoja's search of the console was justified as a search incident to arrest.[5] Because the search was justified, we uphold Crawford's conviction.

*Conclusion*

The judgment of the superior court is AFFIRMED.

sesses whether the facts support a trial court's legal conclusions).