88 P.3d 1137 (2004)
Donnell R. JOHNSON, Appellant,
v.
STATE of Alaska, Appellee.
No. A-8487.
Court of Appeals of Alaska.
April 16, 2004.
Margi A. Mock, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.
Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.
Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

OPINION
COATS, Chief Judge.
Fairbanks Police Officer David Elzey arrested Donnell R. Johnson for "minor on *1138 licensed premises" for being in a bar while under 21 years of age.[1] He searched Johnson incident to the arrest. Officer Elzey searched Johnson to make sure that Johnson did not have anything on him which could be used as a weapon. During the search, Officer Elzey found a fake identification card and a plastic bag which contained cocaine. Johnson moved to suppress the bag containing cocaine, arguing that Officer Elzey's discovery of the cocaine could not be justified as a search for weapons. The State argued that the search was justified as a search for evidence of the crime of minor on licensed premises. Superior Court Judge Charles R. Pengilly upheld the search on this theory. Johnson appeals to this court. We affirm.

Factual and procedural background
During the early morning hours of April 6, 2002, Joseph Wells, a security guard at the Captain Bartlett Hotel in Fairbanks, noticed two young men engaged in activities he regarded as suspicious. The two men entered the hotel together, and one man, Clarence Nicholson, made numerous calls on his cell phone while continuously roaming the hallway and periodically peeking out the front door. The other man, Johnson, went into the hotel bar, even though he appeared to be underage. Wells continued to observe the two men for approximately 30 minutes, and then called the Fairbanks Police Department. Wells reported his suspicions that Johnson was underage in a bar, and that Nicholson was involved in some sort of drug activity.
At this point Nicholson went out into the parking lot and Wells followed to observe. Nicholson got into a vehicle which had just pulled up and dug around under the dashboardbehavior which Wells found suspicious. Officer Elzey pulled up just as the vehicle was leaving. Wells told Officer Elzey of his suspicions. Officer Elzey attempted to follow the vehicle, but was unable to locate it and shortly returned to the hotel.
Upon entering the hotel, Officer Elzey asked Wells the whereabouts of Johnson, to which Wells replied, "[W]ell, he's in the bar." Officer Elzey then entered the bar where he saw Johnson seated with Nicholson, who had apparently managed to get past Wells after the transaction in the parking lot. Officer Elzey had the two men step out into the lobby and then asked them their names and birth dates. Both men responded truthfully and provided Officer Elzey with identification. Johnson admitted to being only nineteen years old. At this time Fairbanks Police Officer Scott Adams arrived at the scene and determined from the hotel bartender that Johnson had been drinking. Nicholson was old enough to be in the bar, so Officer Elzey focused his attention on Johnson. Officer Elzey confirmed by radio that the identifications that Nicholson and Johnson had provided were accurate and then placed Johnson under arrest for minor on licensed premises.
Officer Elzey handcuffed Johnson and performed a pat-down search. Officer Elzey testified that he performed this search, not to look for drugs, but rather to find anything that could be used as a weapon. By Johnson's ankle, either in his shoe or in his sock, Officer Elzey discovered a Georgia identification card. He asked Johnson if it was a fake, and Johnson admitted it was. Officer Elzey then confirmed that the identification was, in fact, a fake identification card. He continued the pat-down and found a cell phone and pager in the front pocket of Johnson's sweatshirt. When Officer Elzey reached Johnson's front left pants pocket he felt some items and, being unsure what they were, removed them. The items were a round metallic container of Carmex lip balm, a four-by-three inch pack of Dentyne Ice gum, and a plastic bag containing four smaller baggies of cocaine.
The State charged Johnson with minor on licensed premises and minor consuming alcohol.[2] Johnson was also charged with fourth-degree misconduct involving a controlled substance, for possession of cocaine.[3]
*1139 Johnson moved to suppress the evidence that Officer Elzey found while searching him. Johnson conceded the facts that we have described above, but he argued that minor on licensed premises is not a crime for which evidence would normally be found in a person's clothingand thus, Elzey's authority to search Johnson incident to arrest was limited to a search for weapons. Johnson then argued that Elzey's seizure of the identity card and the cocaine exceeded the lawful scope and intensity of a weapons search (because these objects did not feel like weapons).
The State argued that Elzey's search of Johnson's pockets was a valid search incident to arrest. Specifically, the State argued that Elzey was authorized to conduct a search of this intensity because there were several objects that Johnson could have picked up and put in his pockets while he was in the bar objects such as swizzle sticks, in addition to napkins and matchbooks with the Captain Bartlett logothat would be corroborating evidence of Johnson's presence on licensed premises. The State supported its argument with the testimony of Wells, who stated that there were swizzle sticks, napkins, and matchbooks with the Captain Bartlett logo on them available at the bar.
At the close of the hearing, Judge Pengilly agreed with Johnson that the seizure of the packet of cocaine could not be justified as a search for weapons. However, Judge Pengilly agreed with the State that a reasonable person could suspect that Johnson's pockets might contain evidence relevant to the crime of minor on licensed premises. Moreover, Judge Pengilly found that this evidence could be of a size and texture that would allow a search of the scope and intensity that Elzey performed when he discovered the identification card in Johnson's shoe and the bag of cocaine in Johnson's pocket. Thus, Judge Pengilly upheld the search of Johnson's pockets as a search incident to arrest.
Whether an arrest for minor on licensed premises is an offense where evidence of the crime can be concealed on a person
Under federal law, a police officer who has legally arrested a person may search that person incident to the arrest.[4] Alaska law places more stringent requirements on the officer's ability to search incident to arrest. Under Alaska law, an officer may conduct a limited search for weapons.[5] Beyond this, the officer may only search for evidence related to crimes for which the police have probable cause to arrest.[6]
The only issue in the case before us is whether Johnson's arrest for minor on licensed premises was an offense where evidence of that crime could be concealed on Johnson's person. Judge Pengilly concluded that the answer was yes. We believe that he was correct. Among other things, Officer Elzey actually did find evidence of the crime on JohnsonJohnson had a fake identification card that showed that he was over 21 years of age that he could have used to obtain a drink in the bar. Judge Pengilly also accepted the State's argument that Officer Elzey could search for evidence such as napkins, matchbooks, or swizzle sticks from the bar which would have been evidence that Johnson was in the bar. We conclude that Judge Pengilly was correct in concluding that Officer Elzey's search of Johnson was justified under this theory.
It is true that Officer Elzey did not articulate this as the reason for the search. In his testimony, Officer Elzey justified the search as a search for weapons. He testified that he did not want anyone in his police car who might have any object that could harm him, and therefore he conducted a thorough search. The State does not contest Judge Pengilly's ruling that Officer Elzey's search was too intrusive to justify as a search for weapons. But a court is required to determine the propriety of the scope of a police officer's search incident to arrest by determining whether the facts known to the officer *1140 provided an objective justification for the search.[7] This is the standard Judge Pengilly applied. When we apply this standard, we conclude, as Judge Pengilly did, that Officer Elzey could search Johnson for evidence of the crime of minor on licensed premises.
Johnson argues that it was unnecessary for Officer Elzey to search him because the officer had abundant evidence that Johnson had been in the bar and that Johnson was underage. Johnson also contends that he was arrested for a relatively minor offense.[8] He argues that, after considering these factors, there was no justification for the officer's intrusive search. Johnson relies on language in State v. Joubert,[9] where in justifying a search incident to arrest for evidence, the Alaska Supreme Court found it was "noteworthy" that the offense for which Joubert was arrested, vehicle theft, was not a minor offense.[10] The supreme court stated that Joubert did not "maintain the same expectation of privacy as one arrested for failure to appear for a court date."[11] In giving examples of minor offenses where a search for evidence of the crime would not be justified, the court used examples from prior cases that held that failure to appear and failure to pay a fine were not offenses for which the police could search for evidence of the crime on the suspect.[12] Johnson uses this language in Joubert to argue that we should apply a balancing test similar to the balancing test which we set out in State v. G.B.,[13] for investigative stops.[14] Johnson suggests that we should weigh such factors as the seriousness of the offense and the necessity for the search in determining whether the search incident to arrest is lawful. We decline to adopt such a rule.
The rule suggested by Johnson appears to us to create substantial uncertainty. We believe that the established rule, which allows the police to search for evidence of a crime which could be found on the person, creates more predictability. Prior court decisions have established that there are some offenses, such as failure to appear or failure to pay a fine, where evidence of the crime could not be found on the person. We believe that there are similar offenses where it will be clear that a search incident to arrest for evidence of a crime is not reasonable. We believe that the established Alaska rule is the rule we must follow: the police, incident to arrest, may search a person for evidence of a crime, for which they have probable cause, that could be concealed on the person. Applying this rule, we conclude that Judge Pengilly did not err in denying Johnson's motion to suppress.
AFFIRMED.
NOTES
[1] AS 04.16.049(a).
[2] AS 04.16.050(a).
[3] AS 11.71.040(a).
[4] United States v. Robinson, 414 U.S. 218, 234-36, 94 S.Ct. 467, 476-77, 38 L.Ed.2d 427 (1973).
[5] Baxter v. State, 77 P.3d 19, 26-29 (Alaska App. 2003).
[6] Id.
[7] State v. Joubert, 20 P.3d 1115, 1120 (Alaska 2001).
[8] See AS 04.16.180(a) (stating that under state law being under age 21 on licensed premises is a class A misdemeanor). But see Fairbanks General Code Ordinance § 14-179(a) & (b) (stating that being under age 21 on licensed premises is a violation punishable by fine).
[9] 20 P.3d 1115.
[10] Id. at 1120-21.
[11] Id. at 1120.
[12] Id. at 1120 n. 24.
[13] 769 P.2d 452 (Alaska App.1989).
[14] Id. at 455-57.