Tariek OVIUK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–9572.

Court of Appeals of Alaska.

April 4, 2008.

Sharon B. Barr, Assistant Public Defender, and Quinlan G. Steiner, Public Defender, Anchorage, for the Appellant.

W.H. Hawley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

Tariek Oviuk appeals his convictions for attempted first-degree murder[1] and second-degree assault.[2] Before Oviuk's trial began, Superior Court Judge Eric B. Smith ordered that Oviuk be shackled during the

---

1. AS 11.31.100(a) and AS 11.41.100.

2. AS 11.41.210(a)(1).

trial. Then, because of his decision on the shackling issue, Judge Smith denied Oviuk's request to represent himself. The judge concluded that the shackling would make it difficult for Oviuk to move around the courtroom and present an effective defense.

On appeal, Oviuk challenges both the shackling ruling and the self-representation ruling. We conclude that we need not resolve the shackling issue—because, even assuming for purposes of argument that Judge Smith was justified in ordering the shackling, Judge Smith erred when he denied Oviuk's request for self-representation on this basis. Under the Sixth Amendment to the United States Constitution as interpreted in *Faretta v. California*,[3] and under article I, section 21 of the Alaska Constitution as interpreted in *McCracken v. State*,[4] it was Oviuk's choice whether to persist in asserting his right to represent himself despite the problems that the shackling would pose.

*How the shackling issue and the self-representation issue were litigated in the superior court*

The self-representation issue arose on the day that Oviuk's trial was scheduled to begin. When the parties assembled in court, Oviuk's attorney told Judge Smith that Oviuk wanted to represent himself. In response, Oviuk told Judge Smith that what he really wanted was a different attorney. But Oviuk stated that, if the court would not give him a new attorney, then he would like to represent himself.

Judge Smith cautioned Oviuk about the dangers of self-representation. Oviuk responded by stating that he still wished to represent himself if the trial could be delayed so that he would have more time to prepare.

At this point, Judge Smith stated that he would convene a closed hearing so that Oviuk could air his complaints about his attorney. Hearing this, the prosecutor told Judge Smith that the State would be requesting that Oviuk be shackled during the trial, and that Judge Smith should consider this

"[w]hen ... considering whether Mr. Oviuk is going to be representing himself."

Following the closed hearing, Judge Smith concluded that Oviuk had not presented adequate grounds to be appointed a different attorney. Judge Smith told Oviuk that his current attorney would continue to represent him unless Oviuk decided to represent himself. Oviuk responded that, if Judge Smith would give him a continuance, he would represent himself.

At the prosecutor's request, a state trooper assigned to Judicial Services offered an explanation to Judge Smith about the need to have Oviuk shackled during the trial. The trooper set out reasons why he believed that, at a minimum, Oviuk should be ordered to wear leg shackles.

Judge Smith stated that, although he had concerns about Oviuk's ability to represent himself on such serious charges, he believed that Oviuk, with assistance from a standby counsel, could represent himself. But the judge indicated that, because of the security concerns, he was going to deny Oviuk's request to represent himself.

At this point, Oviuk's attorney asked Judge Smith to reconsider the shackling issue. Judge Smith decided to hold another hearing on the shackling issue the next morning, before jury selection. Judge Smith then added, "[T]o be perfectly fair to Mr. Oviuk, if ... I conclude that we don't have a courtroom security issue, then I would be prepared to let Mr. Oviuk represent himself."

The next morning, at the hearing on the shackling issue, a state trooper again explained the basis for the State's request to have Oviuk shackled during the trial. At the conclusion of the hearing, Judge Smith reconfirmed his decision that it was necessary to shackle Oviuk. Judge Smith then declared that, because of the shackling, he had decided to deny Oviuk's request for self-representation. The judge pointed out that the shackling would make it difficult or impossible for Oviuk to move around the courtroom. Judge Smith also declared that it would be inappropriate for Oviuk to cross-

**3.** 422 U.S. 806, 821, 95 S.Ct. 2525, 2534, 45 L.Ed.2d 562 (1975).

**4.** 518 P.2d 85, 91 (Alaska 1974).

examine the victim of the assault (Oviuk's girlfriend):

> *The Court:* Given the issues revolving around the victim, given ... Mr. Oviuk's history of not being able to comply with court orders, given the dynamic in a domestic violence situation and the [particular] history between Mr. Oviuk and the alleged victim in this case, and ... the deference that I must pay to the Judicial Services' evaluation of a particular defendant, I'm going to authorize the shackling in this case. I had previously ruled that ... the shackling ... would preclude Mr. Oviuk from representing himself, [because] it would be very difficult for him to present an effective defense, because he couldn't walk around the courtroom. He couldn't approach the witnesses; he couldn't approach the jury. And the cross-examination of the victim would be rife with the potential for mistrial.... [I]t would be utterly inappropriate for Mr. Oviuk to cross-examine the alleged victim. It just would be a situation rife with the possibility of disruption.

*Why we conclude that Judge Smith erred when he denied Oviuk's request to represent himself*

■ Under both the federal and state constitutions, a criminal defendant has a constitutional right to self-representation.[5]

■ A defendant who chooses to represent himself or herself takes on a difficult task. And, before a judge allows a defendant to exercise the right of self-representation, the judge must first inform the defendant of the dangers of self-representation and must explain the advantages of the assistance of counsel.[6]

■ But once a judge is assured that the defendant understands the dangers of self-representation and the advantages of counsel, the court can deny the defendant's request only "if the defendant is not minimally capable of presenting their case in a coherent fashion ... [or] if the defendant is not capable of conducting their defense without being unusually disruptive."[7]

■ Here, after Judge Smith explained the dangers of self-representation and the advantages of counsel, Oviuk persisted in his desire to represent himself if he could obtain a delay of the trial. Based on Oviuk's responses, and on his other observations of Oviuk, Judge Smith concluded that Oviuk was capable of representing himself with the assistance of standby counsel. And, although Judge Smith never explicitly stated that he was willing to give Oviuk more time to prepare, the judge declared that he would have granted Oviuk's request for self-representation but for the ruling on the shackling issue.

Thus, the record shows that Judge Smith's sole basis for denying Oviuk's request for self-representation was the fact that Oviuk would be shackled during the trial. This was error.

■ Judge Smith was justifiably concerned about the fairness of a trial in which the defendant appears shackled to the jury. As the Sixth Circuit remarked in *Lakin v. Stine,*[8] "When a shackled defendant represents himself, the jury is faced with a constant reminder that the defendant is shackled as he makes statements, questions witnesses, and introduces evidence."[9] Therefore, when a defendant who is to be shackled at trial indicates that he wishes to waive his right to counsel and exercise his right of self-representation, it is incumbent on the trial judge to explain the added difficulties and potential prejudice that the shackling will pose before the

---

5. *Faretta,* 422 U.S. at 821, 95 S.Ct. at 2534; *McCracken,* 518 P.2d at 89–91.

6. *See Martinez v. Court of Appeal of California, Fourth Appellate Dist.,* 528 U.S. 152, 162, 120 S.Ct. 684, 691, 145 L.Ed.2d 597 (2000); *Gladden v. State,* 110 P.3d 1006, 1009–10 (Alaska App. 2005); *James v. State,* 730 P.2d 811, 813 (Alaska App.1987).

7. *Lampley v. State,* 33 P.3d 184, 189 (Alaska App.2001) (citations omitted).

8. 431 F.3d 959 (6th Cir.2005).

9. *Id.* at 965.

judge accepts the defendant's waiver of the right to counsel.[10]

Nevertheless, it is the defendant's decision whether to persist in self-representation despite the shackling. Judge Smith committed error when he ruled that the fact of shackling, standing alone, was a sufficient basis to end all inquiry and to deny Oviuk's request to represent himself.

The State argues that we should uphold Judge Smith's decision on the ground that Oviuk's request to represent himself was untimely. The State concedes that Judge Smith did not deny Oviuk's request on this ground, but the State points out that we have the authority to affirm a trial court's ruling on any legal theory established by the record.[11]

 We acknowledge that a defendant may not invoke the right of self-representation as a means of disrupting the judicial process.[12] But Judge Smith never made any such finding, nor did he indicate in any other fashion that the timing of Oviuk's request was problematical. Without such a finding, it would be improper for us to affirm Judge Smith's decision on the basis suggested by the State.

The State suggests that, even though Judge Smith never considered the timing of Oviuk's request a problem, the judge was nevertheless *required* to deny Oviuk's request for self-representation because it was made on the first day of trial. The State contends that, if Judge Smith had granted the request, his ruling would have been illegal or, at a minimum, an abuse of discretion.

It is true that, under the law of some jurisdictions, a request for self-representation must be made before trial—and if it is not, it must be denied.[13] But, currently at least, that is not the law in Alaska. Thus, the State is wrong when it asserts that Judge Smith would clearly have abused his discretion if he had granted Oviuk's request.

### Conclusion

When a defendant who is to be shackled during trial asserts his constitutional right of self-representation, the defendant must be given the choice whether to persist in self-representation despite the problems and potential prejudice that the shackling will pose. It is error for a court to deny the request for self-representation based merely on the fact of shackling alone, without giving the defendant this choice. We therefore reverse Oviuk's convictions.

In so doing, we express no opinion on the correctness of Judge Smith's decision to order the shackling. And, if the State chooses to retry Oviuk, Oviuk shall be allowed to relitigate this issue.

The judgment of the superior court is RE-VERSED.

**10.** *See Abdullah v. Groose*, 44 F.3d 692, 695 (8th Cir.1995), *rev'd en banc on other grounds*, 75 F.3d 408, 410 (8th Cir.1996).

**11.** *See, e.g., Vaska v. State*, 135 P.3d 1011, 1019 (Alaska 2006); *State v. Joubert*, 20 P.3d 1115, 1118 (Alaska 2001).

**12.** 3 Wayne R. LaFave, Jerold H. Israel, Nancy J. King & Orin S. Kerr, *Criminal Procedure* § 11.5(d), at 753–54 (3d ed.2007).

**13.** *See Martinez*, 528 U.S. at 161–62, 120 S.Ct. at 691 (citing John F. Decker, *The Sixth Amendment Right to Shoot Oneself in the Foot: An Assessment of the Guarantee of Self–Representation Twenty Years after Faretta*, 6 Seton Hall Const. L.J. 483, 544–50 (1996)).