# IN THE SUPREME COURT OF THE STATE OF NEVADA

AMMAR ASIM FARUQ HARRIS A/K/A
AMMAR ASIMFARUQ HARRIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65377

FILED

DEC 15 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of three counts of sexual assault and one count of robbery. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant Ammar Harris claims the district court abused its discretion by denying his motion for self-representation.[1] We agree.

Having reviewed the transcript of the *Faretta* canvass and considered the parties' arguments, we conclude that the district court denied the motion based solely on its belief that Harris lacked the legal skills and knowledge to represent himself.[2] This was an improper basis

---

[1]Because we conclude that reversal is required due to the erroneous denial of Harris' motion for self-representation, we need not reach Harris' remaining contentions.

[2]To the extent that either party references portions of the record not before this court, it is clear from the record before this court that the

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

16-39067

for denying the motion. *See Tanksley v. State*, 113 Nev. 997, 1000-01, 946 P.2d 148, 150 (1997) (holding that the right to self-representation is an unqualified right, so long as the waiver of counsel is intelligent and voluntary, and "may *not* be denied solely because the court considers the defendant to lack reasonable *legal* skills or because of the inherent inconvenience often caused by *pro se* litigants" (internal quotation marks omitted)); *see also Vanisi v. State*, 117 Nev. 330, 341, 22 P.2d 1164, 1172 (2001) ("[A] criminal defendant's ability to represent himself has no bearing upon his competence to *choose* self-representation." (internal quotation marks omitted)). Even assuming we could consider the State's proffered alternative reasons for denying the motion, which were not relied upon by the district court,[3] we conclude that there is no basis in the record to affirm the district court's decision based on the alternative

---

. . . *continued*

district court's decision was based solely on Harris's lack of legal knowledge and skills.

[3]*Compare State v. Braswell*, 123 A.3d 835, 847-48 (Conn. 2015) (concluding the record demonstrated that the lower court's only basis for denying the defendant's motion for self-representation was an improper basis and rejecting the State-proffered alternative justification for denial because it was not the reason for the lower court's denial), *and Oviuk v. State*, 180 P.3d 388, 391 (Alaska Ct. App. 2008) (finding it improper to affirm a lower court's denial of a defendant's motion for self-representation on a basis not found by the lower court), *with People v. Dent*, 65 P.3d 1286, 1288-89 (Cal. 2003) ("Even though the trial court denied the request [to proceed in propria persona] for an improper reason, if the record as a whole establishes defendant's request was nonetheless properly denied on other grounds, we would uphold the trial court's ruling.").

reasons. As the "[d]eprivation of the right to self-representation is reversible, never harmless, error," *Vanisi*, 117 Nev. at 338, 22 P.3d at 1170, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:  Hon. Kathleen E. Delaney, District Judge
Robert L. Langford & Associates
Oronoz, Ericsson & Gaffney, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk